14132

MAXWELL v. EPTON *ET AL.*

(181 S. E., 16)

*Mr. Horace L. Bomar,* for appellant,

*Mr. C. H. Brown,* for respondent,

August 23, 1935.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

On November 26, 1926, Mrs. C. J. Epton and P. M. Pearson, owners of a tract of land in Spartanburg County, gave a mortgage thereon to L. P. Epton and L. M. Pearson in the sum of $4,100.00. On November 27, Epton and Pearson assigned the mortgage to the defendant H. Bernhardt, the proceeds therefrom being used to pay the purchase price

of the mortgaged property. It appears that this was a business investment by Epton and Bernhardt; that Epton was to handle the property, subdivide and sell it, while Bernhardt was to furnish the money; and that, after the loan, with interest, was repaid, Bernhardt was to get one-third of the profits. A small part of this tract of land was sold, and the proceeds of the sale were applied to the mortgage debt, reducing it to $2,700.00. Later, P. M. Pearson disposed of his interest in the property to Mrs. Louise E. Ross, one of the defendants in this case. On March 5, 1929, Mrs. Epton gave a mortgage to L. P. Epton 'and Mrs. Ross on lands owned by her in Union County—about which we are not here concerned—and on her one-half interest in the tract in Spartanburg County; this mortgage being given by her to secure the payment of a note for $700.00 executed in favor of the mortgagees. After describing the last-named tract containing 32 acres, more or less, the mortgage states that "it is given as second to a claim of H. Bernhardt for balance due, being One Thousand and Seventy-six ($1,076.00) Dollars secured by a mortgage on said 32 acres." The mortgage for $700.00 was thereafter assigned by Epton and Ross to the plaintiff Maxwell as security for a loan. On August 19, 1929, Mrs. Epton and Mrs. Ross conveyed to Mrs. Nannie C. Bernhardt, wife of H. Bernhardt, a one-third interest in the property; and on August 20, these three gave to L. P. Epton and O. E. Ross a mortgage in the sum of $2,700.00 on the entire tract. This mortgage was assigned to H. Bernhardt, and he thereupon cancelled the $4,100.00 mortgage, with the result that the mortgage held by the plaintiff then appeared of record as a first lien on a one-half interest in the premises. On January 12, 1931, the interests held by Mrs. Epton and Mrs. Ross in the lands were conveyed to Mrs. Bernhardt, the consideration therefor being the assumption by the grantee of the payment of the $2,700.00 mortgage. Upon delivery and recordation of the deed, that mortgage was cancelled of record by the assignee, H. Bernhardt.

The plaintiff began this action for the foreclosure of his mortgage in May, 1933. L. P. Epton and Louise E. Ross were made defendants as indorsers of the note held by Maxwell, and judgment was asked against them for the amount due according to its terms. Nannie C. Bernhardt was made a party to the suit for the reason, as alleged, that she claimed some interest in the lands situated in Spartanburg County. All of the defendants were served except L. P. Epton, who died about the time the action was begun. Mrs. Bernhardt answered, alleging that she had paid for the one-third interest conveyed to her, thereby reducing the mortgage debt to $2,700.00 and that she had also paid that amount and accepted a deed from the other owners of the premises of their interests therein. She prayed that "she be subrogated to the rights of the mortgagee hereinabove set out."

Testimony was taken by the master of Spartanburg County, to whom the matter was referred, but before a report was filed, H. Bernhardt asked to be made a party defendant. Over the objection of the plaintiff, his petition was granted, and he then answered the complaint, alleging that he had furnished the money to pay for the premises in question; that the several deeds were made in the name of Mrs. Bernhardt for his convenience; and that he had been misled into the cancellation of the mortgages assigned to him; and asked that they be revived and reinstated. Another reference was held, and the master then filed his report denying the claim of Mrs. Bernhardt to subrogation; but he recommended that the $4,100.00 mortgage assigned to H. Bernhardt be restored to life and that the several deeds to the property, executed in favor of Mrs. Bernhardt, be canceled. He found, as a matter of fact, that Bernhardt had canceled his mortgage through mistake; and stated that it did not "seem altogether fair for Mr. Maxwell to profit by this mistake when his status has not been changed, his rights have not been detrimentally affected or prejudiced in any manner by the acts on the part of Mr. Bernhardt, when he cancelled

his mortgage. If Mr. Maxwell had been misled to his harm in any way, I should not hesitate to deny Bernhardt the relief that he now seeks. That does not seem to me to be the case. These people are in a Court of Equity, and to allow the plaintiff to prevail would let him 'reap where he had not sown', and altogether at the expense of Mr. Bernhardt." He further found that Bernhardt had "not been as careful in the examination of the records as he should have been," but concluded that this alone was not a sufficient reason for denying the relief sought by him. Upon exceptions by the plaintiff to the master's findings and recommendations, Judge Sease affirmed the report, and ordered that the $4,-100.00 mortgage be restored to its original status and that the deeds to Mrs. Nannie C. Bernhardt, above referred to, be canceled of record and declared to be null and void. Later, it was discovered that while the decree provided that H. Bernhardt should have a first lien on the property located in Spartanburg County, it directed that the proceeds derived from the sale of the lands, after payment of costs and taxes, should be applied first to the payment of the judgment given the plaintiff Maxwell. Judge Sease, therefore, on November 3, 1934, upon application of counsel of H. Bernhardt, passed a supplemental decree, over appellant's objection, correcting the final decree in that particular. The plaintiff appeals from both decrees, imputing error to the Circuit Judge (1) in allowing H. Bernhardt to be made a party defendant, (2) in the admission of certain testimony, (3) in holding that the cancellation of the mortgages and the acceptance of the deeds were mistakes such as a Court of Equity is justified in correcting, and (4) in issuing the supplemental decree.

First. In his petition to the Court asking that he be made a party defendant, H. Bernhardt alleged that he had furnished all the money used in the purchase and development of the property involved, and that the deeds were made to the defendant Nannie C. Bernhardt as a convenience to the petitioner, and were accepted with the under-

standing that the only liens on the property were the mortgages held by him; and but for this belief he would not have received the deeds and canceled the mortgages. The undisputed testimony taken at the first reference, and which was before the master at the time the petition was filed, tended to establish these allegations. Under the showing made, the petition was properly allowed. See Section 404 of the Code of 1932.

Second. When Bernhardt was on the stand, he was requested by his counsel to "give the Court the whole transaction in 1929," and in compliance therewith he stated that he thought "we accepted a new mortgage at that date, or about that date, for the balance due, at Mr. Epton's request. He asked us to do it." Counsel for plaintiff objected to this question and answer, and to all similar testimony, on the ground that Epton, who was an assignor of the plaintiff, was dead, and that Bernhardt had a legal or equitable interest in the property that might be affected by the event of the action, which made the testimony obnoxious to Section 692 of the Code, as the question was directed to a transaction between the witness, as assignee, and Epton. The master tentatively allowed the answer, and his ruling was apparently approved by the Circuit Judge.

Counsel for the respondents does not argue that the testimony objected to was admissible, but contends that when all such evidence is excluded from the record, what remains shows that the cancellation of the two mortgages by Bernhardt and the acceptance of the two deeds in question were all done in complete ignorance on his part and without any actual knowledge of the existence of the mortgage held by the plaintiff, and that, therefore, references to L. P. Epton were not at all necessary to the establishment of the real facts in issue.

We are in agreement with this contention. While the testimony objected to was inadmissible under Section 692, we are of opinion, from an examination of the record, that the

evidence remaining, which was open to no valid objection, was sufficient to support the defendant's case. *Dash v. Inabinet,* 53 S. C., 382, 31 S. E., 297; *Marshall v. Marshall,* 42 S. C., 436, 20 S. E., 298. Bernhardt testified, among other things, that he purchased the $4,100.00 mortgage and paid cash for it; that he expected to make a profit out of the sale of the mortgaged lands after he had been reimbursed for the money he "put in," but that it was necessary to sell the property before the mortgage could be paid or any profits be had; that the amount was reduced to $2,700.00 "by payment from part of the land sold in other deals"; and that this balance was later paid by deed. He further testified that the deeds in question were put in the name of Mrs. Bernhardt, his wife, for the convenience of the witness; that there was no real reason for the cancellation of his $4,100-.00 mortgage; and that, therefore, if he had known about the morgtage held by Maxwell, the existence of which he had no actual knowledge at the time, he certainly would not have canceled his mortgage or accepted a deed, although he admitted that he was careless in not having the records examined.

It is true that in the master's report he makes reference to what Bernhardt said with regard to Epton—his acceptance of his judgment and the fact that he may have been misled by him. Still we think, as already stated, that there was sufficient competent evidence in the record, all of which was undisputed, to establish the essential facts relied on by the respondent.

Third. The general rule as to the cancellation of mortgages and other papers through mistake or ignorance of the existence of other liens over the property is thus stated in 41 C. J., 590: "Generally, where the release or satisfaction of a mortgage is the result of fraud, accident, or mistake, it will not inure to the benefit of a person acquiring an interest in the property, who did not rely or advance anything on the faith of such discharge.

As the discharge, under such circumstances, did not enter into, or induce the transaction, the annulment thereof and the restoration of the mortgage to its priority of lien does not operate prejudicially or place the person who acquired the interest in a worse position than he was in before." And at page 591 : "The foregoing rule particularly applies where the interest acquired was subject to the prior mortgage and anterior to the release. There being no cancellation at the time, no reliance thereon was possible, and, as against such an interest, a senior mortgage will be reinstated and given priority in lien irrespective of whether the satisfaction was entered without the authority of the owner, or contrary to his instructions, or was induced by fraud, or resulted from accident or mistake."

In *Young v. Pitts,* 155 S. C., 414, 152 S. E., 640, 642, where this question was considered, the Court quoted with approval the following from *Lumber Exchange Bank v. Miller,* 18 Misc., 127, 40 N. Y. S., 1073 : "The principle which underlies all of the reported decisions in this class of cases is, when the legal rights of the parties have been changed by mistake, equity restores them to their former condition, when it can be done without interfering with any new rights acquired on the faith and strength of the altered condition of the legal rights and without doing injustice to other parties."

In the *Pitts case* the Court observed that where the satisfaction of a mortgage is "entered through mistake, the law regards it as never having been entered at all, unless entering the satisfaction brought about prejudice to others dealing with the property."

In Jones on Mortgages (8th Ed.), Vol. 2, p. 550, we find the following: "Where a conveyance of mortgaged premises is made to the mortgagee in satisfaction of the mortgage debt, he taking the same in ignorance of a subsequent judgment lien thereon and canceling the mortgage of record, equity will not treat the conveyance as a merger of

the mortgage lien in the absolute estate but will revive such lien as against a purchaser on execution sale."

See *McCraney v. Morris,* 170 S. C., 250, 170 S. E., 276, 95 A. L. R., 622.

With these principles in mind, we turn to a consideration of the question as presented under the facts of the case before us. We are convinced, from an examination of the record for appeal, that the mortgages were canceled and the deeds accepted by Bernhardt through mistake and ignorance on his part of the existence of the mortgage held by the plaintiff, and that he would not have done either had he actually known of such mortgage; there is no evidence that tends to negative this conclusion. It is true that Maxwell's mortgage was executed and recorded several months before the defendant Bernhardt canceled his $4,100.00 mortgage, and had he examined the records at the time he entered the satisfaction, he would have found this to be true; still, that fact did not deprive him of his equitable right to have such mortgage revived and restored to its priority, unless such restoration of it resulted in an injustice to the appellant. As held by the Court below, there is no evidence to the effect that Maxwell acted in any way upon the strength of the cancellation of the mortgage and the acceptance of the deeds by Bernhardt. In short, the testimony fails to show that the restoration of the $4,100.00 mortgage to its priority of lien places Maxwell in a more unfavorable position than he was at the time he accepted the $700.00 mortgage.

Counsel for the appellant asserts that when H. Bernhardt was made a defendant, he did not serve his answer upon anybody except the plaintiff's attorney; and that the Court should not, without notice to the defendants C. J. Epton and Louise E. Ross, whose liability, by reason of the restoration of the mortgages held by Bernhardt, becomes at once a full and complete liability, adjudge and order the cancellation of the deeds made to Mrs. Bernhardt and accepted by her husband.

As already indicated, Mrs. Epton and Mrs. Ross did not answer the complaint or otherwise plead in the action. It is not made to appear from the record whether the answer of H. Bernhardt was served upon these defendants or not. The Court, therefore, does not deem it necessary to make further reference to this contention, except to say that no such question is raised by the exceptions.

Upon full consideration of the evidence and applicable principles of law, we are constrained to hold that the Circuit Judge committed no error in the conclusion reached by him.

Fourth. In his final decree of June 23, 1934, Judge Sease, after adjudging that the satisfaction entered of the $4,100.00 mortgage be "declared null and void and canceled, and the lien of said mortgage restored to its original status," gave the defendant H. Bernhardt judgment for the sum due and owing on the reinstated mortgage; the amount of such judgment being decreed a first lien on the property in Spartanburg County. Judgment was then given the plaintiff Maxwell on his mortgage, the amount of the judgment being decreed a first lien on the tract of land located in Union County, and a second lien over the one-half undivided interest of C. J. Epton in the tract of land in Spartanburg County. It was then ordered that the proceeds of sale of the property located in Spartanburg County should be disbursed by the master as follows: "First, to the payment of the costs of the action and of any taxes found due"; second, "to the payment of the judgment hereinabove given to the plaintiff, James L. Maxwell."

In the supplemental decree of November 3, 1934, passed for the purpose of correcting the error in the original decree, it is said:

"It was the intention of this Court, as evidenced by the conclusions reached in the body of the decree and the priorities declared therein, that the proceeds from the sale of the Spartanburg County property should be paid to the defendant, H. Bernhardt, after the payment of the taxes and

cost. It is further evidence that the attorney for the plaintiff, James L. Maxwell, so understood said decree, for the reason that within due time after the filing of said decree be served the attorney for the defendant, H. Bernhardt, with notice of intention to appeal, with his grounds and exceptions, and with the proposed case, all of which were based upon the assumption that the proceeds of the Spartanburg County property should be paid first to the defendant, H. Bernhardt, and any balance left after the payment to be paid to the plaintiff, James L. Maxwell. * * *

"This action was brought by the plaintiff on the equity side of the Court. If the palpable error committed by this Court was permitted to stand a serious injustice would result therefrom and the conclusions reached by this Court in deciding this case would not be carried out."

The appellant contends that the Circuit Judge was without authority at chambers, under the facts stated, to pass a supplemental decree as was done. We are not in agreement with this view. The direction given the master in the original decree, as to the distribution of the proceeds from the sale of the Spartanburg County property, was clearly an oversight on the part of the Court. Judge Sease, as he states in his order correcting the error, certainly did not intend to reinstate Bernhardt's $4,100.00 mortgage and make the judgment given thereon a first lien on the property in Spartanburg County, as declared in the body of the final decree, and then reduce such lien to second place by ordering the master to pay the Maxwell judgment first, which was a second lien on that property. The error was merely an inadvertence which the Court had the power to correct as it did.

Furthermore, that portion of the decree amended by the supplemental order had to do with the administrative functions of the master, namely, the disbursement by him, as ordered by the Court, of the proceeds of sale of the property located in Spartanburg County, and Judge Sease changed the original decree only in that respect. We deem it

unnecessary to consider the several statutes cited and referred to by counsel. We hold, for the reasons above stated, that the Circuit Judge committed no error in correcting the mistake, by passing the supplemental decree, thus giving the judgment in favor of Bernhardt the force and effect intended. See *McCormick v. Rush,* 176 S. C., 235, 180 S. E., 43.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.