### 39332. MOON v. MOON.

RUSSELL, Judge. 1. A bill of exceptions is not subject to dismissal under *Code Ann.* § 6-1202 as amended (Ga. L. 1957, p. 224) for failure to designate and serve all necessary parties but in such case this court will require service upon those not served where the identity of such parties clearly appears from the record. The motion to dismiss the bill of exceptions is without merit.

2. "A stenographic report of the trial of the case from which immaterial questions and answers, objections to evidence, colloquies between counsel as to the admissibility of evidence, and rulings of the court on objections to evidence, have not been stricken does not constitute a compliance with the statutory requirement [*Code Ann.* § 6-813] and does not require a determination of any assignment of error in the determination of which reference must be made to the purported brief of evidence." *Horne v. Phillips*, 93 Ga. App. 223 (3) (91 SE2d 203). In this case the court conducted a hearing relating to exceptions to an auditor's report in a partitioning proceeding, which had been by agreement transferred to an auditor after the return of the partitioners. The brief of the evidence, consisting of 48 typewritten pages, contains colloquies, objections, and rulings of the court on at least 4 out of every 5 pages. It shows 63 objections, observations and statements by the attorney for the plaintiff in error; 22 by the attorney for defendant in error; and 83 rulings, observations and statements by the court.

It is not in compliance with the statutory requirement and it is exceedingly confusing to the court in attempting to ascertain what issues were sought to be determined. Accordingly no exceptions requiring reference to the brief of evidence will be considered.

3. Exceptions to an auditor's report should point out the alleged errors in such manner that the nature of the same may be clearly and readily understood when considered in connection with the findings of the auditor to which such exceptions refer. When they fail to meet this standard, it is not error to sustain a motion to dismiss the exceptions. *Mohr-Weil Lumber Co. v. Russell*, 109 Ga. 579 (5, 6) (34 SE 1005).

4. (a) Objections to an auditor's report must be filed within 20

days from the time the report is filed and notice given, clearly and distinctly specifying the errors complained of. *Code* § 10-301. Exceptions to any matter not appearing on the face of the record must be certified by the auditor within 40 days after the report is filed. *Code* § 10-302. If exceptions can be amended at all after 20 days from the filing of the report, this cannot be done unless good cause is shown why they were not filed within the time provided by law. *McCollum v. Loveless*, 185 Ga. 748 (2) (196 SE 430) and citations.

(b) There is no certification by the auditor of the exceptions of fact. The record shows that after these exceptions were filed but before they were heard, a notice of hearing was given, a hearing was had, and the auditor amended his return in certain respects, particularly by making additional findings as to the fractional interest in the property of the plaintiff in error. This amended return was filed in court on May 20, 1961, and the renewed exceptions were not filed until June 12, 1961, more than 20 days after the amended return. It thus appears from the record that the renewed exceptions were filed too late. The report of the auditor as amended shows no defect upon its face to which any valid objection has been made. Further, the exceptions attempted to be made are not specific and are confusing. Accordingly, the trial court did not err in sustaining the motion to dismiss the exceptions to the report.

5. The remaining assignments of error in the bill of exceptions deal with the orders making the auditor's report as amended the judgment of the court, approving the finding by the court that the property cannot be fairly and equitably divided by metes and bounds, ordering a sale of the property, and appointing named commissioners to sell such property on a specified date. Since all of these actions on the part of the trial court follow as a matter of law upon the dismissal of the exceptions to the report, the judgment of the court in this case must be

*Affirmed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED MARCH 9, 1962—REHEARING DENIED
MARCH 29, 1962.

*James L. Moore*, for plaintiff in error.
*Howell C. Ravan, John Yancey*, contra.