41434. BANK OF SARDIS v. SANDERS, Executor, et al.

Argued July 8, 1965—Decided September 13, 1965.

*George W. Fryhofer*, for plaintiff in error.

*Thurmond, Hester, Jolles & McElmurray, Thomas R. Burnside, Jr.*, contra.

FELTON, Chief Judge. ■ The motion to dismiss the writ of error is denied. Under *Code* § 6-1202 as amended, where one party has been duly brought within the jurisdiction of this court, this court will require service upon the other defendant who has not been served with a copy of the bill of exceptions and has not waived service. *Moon v. Moon*, 105 Ga. App. 597 (125 SE2d 560).

■ This action is not by the plaintiff as transferee of the instrument but is one based on the implied promise of the maker to pay the accommodation indorser upon the maker's failure or refusal to pay where the accommodation indorser discharges the instrument by payment. The affidavit of the President of the Carolina Commercial Bank, in support of the

motion for summary judgment, shows prima facie that the Carolina Commercial Bank was a bona fide holder for value without notice of any infirmities in the instrument and that prima facie the plaintiff is subrogated to its rights. *Lamis v. Callianos*, 57 Ga. App. 238 (194 SE 923); *Stevens v. Green*, 42 Ga. App. 512 (156 SE 626); *Carl S. Strickland Co. v. Union Banking Co.*, 42 Ga. App. 645 (5) (157 SE 115). Assuming but not deciding that the defense set forth was good as against the obligation of the Bank of Sardis to pay under the circumstances of this case, bearing in mind that the check which is the basis of this action is not the one given the Bank of Sardis but one issued by it, the affidavit of the drawer of the check by the customer of the Bank of Sardis, for which the Bank of Sardis gave its check on the First National Bank of Atlanta, does not show that it was made upon personal knowledge of the affiant and is therefore insufficient to establish the facts sought to be proved. His affidavit shows: "1. That the consideration for the issuance of the draft referred to in paragraph Two (2) of the petition was a check drawn by Buxton's Supermarket, James F. Buxton, on Bank of Sardis in the amount of $2,195.00 payable to cash and endorsed on the back Jean Blankenship and W. F. Rivers. 2. That said check, while it carried the genuine signature of James F. Buxton, was stolen from James F. Buxton by Jean Blankenship and W. F. Rivers and the Payee and amount filled in by Jean Blankenship and W. F. Rivers. 3. That the time W. F. Rivers presented said check at the Bank of Sardis and obtained said draft, W. F. Rivers stated to Lovett Bargeron, Cashier, that the check had been given by James F. Buxton in payment for a 1959 Cadillac automobile." The affidavit of the depositor of the Bank of Sardis, James F. Buxton, does not show that the facts stated therein were made on the personal knowledge of James F. Buxton, either as to the theft of the check or the misrepresentations to the Bank of Sardis, and the affidavit is insufficient to establish the defense by the Bank of Sardis and to place the burden of proof or of proceeding with the evidence upon the plaintiff herein. In the absence of evidence to destroy the prima facie presumption that the Carolina Commercial Bank was a bona

fide holder in due course, the burden was not shifted to the plaintiff. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Code Ann.* § 110-1205 (Ga. L. 1959, pp. 234, 235). Thus, the following authorities cited by the Bank of Sardis are not applicable: *Silver v. Sellers,* 59 Ga. App. 690 (2 SE2d 216); *First Nat. Bank of Sandersville v. Moore,* 37 Ga. App. 698 (141 SE 502); *Carnation v. Pridgen,* 84 Ga. App. 768 (67 SE2d 485).

The court did not err in granting the summary judgment.

*Judgment affirmed. Jordan and Deen, JJ., concur.*