23335.   GAY v. HUNT et al., Commissioners.

ARGUED FEBRUARY 14, 1966—DECIDED MARCH 10, 1966.

*Nelson & Nelson, Carl K. Nelson, Jr.,* for appellant.

*McDonald, Longley, McDonald & McDonald, Ernest McDonald, Paul J. Jones, Jr., William Malcolm Towson, McCutchen & Dimmock, P. T. McCutchen,* for appellees.

GRICE, Justice. Controversy over disposition of fines and bond forfeitures in the City Court of Dublin from the June term 1958 through the December term 1960 produced the rulings sought to be reviewed in this appeal.

The instant litigation began when Tommy S. Hunt and others, members of the Board of Commissioners of the Superior Court Clerks' Retirement Fund of Georgia, filed in the Superior Court of Laurens County their petition against C. B. New, Clerk of the City Court of Dublin, Carlus D. Gay, the former sheriff of that court, and the members of the Board of Commissioners of Laurens County. That proceeding resulted in a judgment in the plaintiffs' favor. Only the defendant Gay appealed.

He enumerated as errors the following: the overruling of his demurrers to the amended petition; the sustaining of the plaintiffs' demurrers to amendments to his answer; the direction of a verdict against him; the entry of judgment as to the funds in question; the order relating to perfection of his motion for new trial; and the order dismissing that motion.

As we view the case it is necessary to deal only with the overruling of the defendant Gay's general demurrers to the plaintiffs' amended petition, since that judgment is decisive. The allegations of the petition, insofar as material here, are those which follow.

By law certain allocations from fines and bond forfeitures collected in the City Court of Dublin are made to the Clerks' Retirement Fund and are to be paid to its Board of Commissioners by the person collecting them.

Plaintiffs are trustees of the Clerks' Retirement Fund and are charged with the responsibility of enforcing all payments due it and otherwise protecting it, the Clerks' Retirement membership, and the general public.

During the period involved here a specified sum was collected from such fines and forfeitures in the City Court of Dublin by the defendant Gay, who was then its sheriff as well as Sheriff of

Laurens County. Part of said sum was collected directly by him and part was paid over to him by other officers of that court.

By law $1,860 from such amount collected by or paid over to the defendant Gay was allocated to the Clerks' Retirement Fund, and should have been remitted to it. No part of this sum has been paid over to the plaintiffs, or to anyone, on behalf of the board.

The defendant county commissioners contend that the sum collected by the defendant Gay is due the county. In specified litigation between the county commissioners and the defendants New and Gay, such county defendants contended that Gay is thus indebted to the county; on the other hand, Gay contended that he is due a large amount as fees earned by him while sheriff and that the same amount involved here was turned over to him as partial payment of such fees.

Portions of the fines and forfeitures collected during the period in question have been paid over to the county. Other portions, which the defendant Gay contends were in part payment of fees due him, have been retained by him and paid over to him while he was sheriff. All of said funds, other than such portions as may have been collected by the defendant Gay directly, have been disbursed by the defendant New, as Clerk of the City Court of Dublin, either to himself or to some other of the defendants.

Each of the defendants contends that he is not liable on the plaintiffs' claim but that one of the other defendants is liable.

Under such circumstances plaintiffs, as trustees, are unable to determine what part of the funds collected as aforesaid they should pursue for payment of allocations made by law to the trust, or which of the defendants should be so pursued, or whether all of them should be pursued, or what the legal relations of the several defendants are to each other, to the plaintiffs and to the funds in question. This entitles plaintiffs, as such trustees, to a declaratory judgment declaring such rights, responsibilities and relationships, in order to guide and protect them from uncertainty and insecurity with respect to the propriety of their future acts and conduct with reference to the funds in question and the defendants, which future action on their part, without such dec-

laration and direction, will jeopardize their interest, that of the trust involved, the membership thereof and the general public. Upon such declaration, plaintiffs are entitled to mandamus absolute, or such judgment as will afford adequate remedy against such, or all, of the defendants as may be declared liable in the premises.

In order to protect all parties and render judgment in accordance with justice, this court should take jurisdiction, require the defendants to produce for inspection and audit all records pertaining to said fines and forfeitures, enter a judgment declaring which of the defendants is liable to the plaintiffs on this claim, and also enter such order as may be necessary to require such funds to be paid over to the plaintiffs, including mandamus absolute against the defendant or defendants adjudged due to pay the same to the plaintiffs.

It is the duty of all the defendants to do each and every act necessary to make payment of said sum to the board, but they have refused to pay upon written demand.

Included in the relief sought were the following: that the court enter judgment declaring that plaintiffs are entitled to the sum of $1,860 and declaring which of the defendants is liable to plaintiffs for the same; that after the court has entered such judgment, plaintiffs have judgment against the party declared liable for payment of the said sum; that mandamus absolute be granted against such party declared to owe plaintiffs said sum; and that such defendant or defendants be compelled to do each and every act required in making payment of said sum; and for general relief.

■ The plaintiffs' contention that the defendant Gay waived his demurrers by failing to renew them after material amendments to the petition is not sustained by the record.

The petition was amended four times. The first two amendments were allowed on February 16 and March 2, respectively. On March 4 the defendant Gay renewed all grounds of his demurrer previously filed, and also demurred generally to the petition as amended.

The third amendment to the petition was allowed on May 22.

On June 18, the trial judge entered an order overruling all grounds of the defendant Gay's demurrers.

Then, on July 29, the fourth amendment to the petition was allowed. On July 30 the defendant Gay renewed his previous demurrers and filed additional ones to the petition as amended.

It will be seen that the only possible waiver by Gay was as to the May 22 amendment. However, upon careful examination of that amendment, we find it not to have been a material one, but merely an elaboration of allegations previously made. Hence, Gay's failure to renew his demurrers upon this amendment being made did not constitute a waiver of them. *Code* § 81-1312.

■ This petition, as we evaluate it, does not allege a cause of action for any of the relief sought.

(a) Its allegations are not sufficient for a declaratory judgment because it fails to allege any necessity for a determination to guide and protect the plaintiffs from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to their alleged right, and which future action without such direction might reasonably jeopardize their interest. See *Brown v. Cobb County*, 212 Ga. 172, 175 (91 SE2d 516); *State of Ga. v. Hospital Authority of Gilmer County*, 213 Ga. 894, 898 (102 SE2d 543); *Rowan v. Herring*, 214 Ga. 370, 372-375 (105 SE2d 29). The right given by *Code Ann.* § 110-1107 to trustees and other named persons to declaratory judgment does not dispense with the requirement just stated. See the *Rowan* case, supra.

The facts alleged by the plaintiffs, construed as they must be on general demurrer, do not support the conclusions which they draw in this respect. Reduced to essence the plaintiffs' position is that the the former sheriff, the clerk and the county board each denies liability and avers that some other defendant is liable, and that the plaintiffs are not certain which is liable and desire a declaration fixing liability.

But this situation does not square with the rule above stated. This is the same problem which faces most litigants, the exigencies of proof. For all that is alleged this is but a dispute as to issues of fact, which without more is insufficient to afford the

required "uncertainty and insecurity." See *Hospital Authority* case, 213 Ga. 894, supra.

(b) Nor does the petition allege a cause of action for any other relief. This results because all other relief sought is made *dependent* upon the prayer for declaratory judgment which, under the ruling in Division 2 (a), fails.

The prayers are very clear in that they seek, *first*, a judgment declaring that the plaintiffs are entitled to the sum of $1,860 and declaring which of the defendants is due the plaintiffs such sum, and "*after* the court has entered an order declaring the rights of the parties and declaring which of said defendants is liable to [plaintiffs] for said sum of money," that mandamus absolute be granted against the party adjudged by said declaratory judgment to be liable. (Emphasis ours.) Thus, without the declaratory judgment as its foundation, the mandamus fails. In this connection we are not unmindful of *Code Ann.* § 110-1102, to the effect that further plenary relief, including mandamus, may be sought in a petition seeking declaratory judgment, and that "the failure of such petition to state a cause of action for declaratory relief shall not affect the right of such party to any other relief, legal or equitable, to which he may be entitled." But that section relates to the right to relief which is *independent* of declaratory judgment, not that specifically bottomed on the declaratory judgment sought, as here.

It was, therefore, error to overrule the general demurrers addressed to the petition.

■ The foregoing ruling makes it unnecessary to pass upon the rulings subsequently made and complained of in the enumeration of errors.

*Judgment reversed. All the Justices concur, except Cook, J., disqualified.*