43664. MADDOX et al. v. GAY.

WHITMAN, Judge. The suit in this case was brought by the members of the Board of Commissioners of the Peace Officers' Annuity and Benefit Fund of Georgia against Carlus D. Gay, alleging, in substance, that Gay was Sheriff of the City Court of Dublin, Georgia, and that in such position he collected fines and bond forfeitures arising out of criminal cases from which collections the law makes an allocation to the Peace Officers' Annuity and Benefit Fund of Georgia. The suit further alleges that from the June term, 1958, through the December term, 1960, the allocations to the fund came to $5,853.00, but that no part of said sum has been paid and that, although demand has been made, Gay refuses to do so.

The suit prays for a judgment against Gay in the above amount plus penalty and interest.

These identical allocations were the subject of a prior suit brought by the same plaintiffs against Gay, the Clerk of the Dublin City Court, and the members of the Board of Commissioners of Laurens County, praying for a declaratory judgment (1) declaring that the plaintiffs are entitled to the sum, and (2) declaring which of the defendants owes same. The suit also prayed that, after the court had so declared, mandamus absolute be granted against the party adjudged by said declaratory judgment to be liable. A judgment for the plaintiffs against Gay was reversed on appeal to the Supreme Court in *Gay v. Balkcom*, 221 Ga. 846 (148 SE2d 310), controlled by *Gay v. Hunt*, 221 Ga. 841 (148 SE2d 310), with the court holding that Gay's general demurrer to the petition should have been sustained because the petition failed "to allege any necessity for a determination to guide and protect the plaintiffs from uncertainty and insecurity with respect to the propriety of some future act or conduct," which is the purpose of a declaratory judgment. This result was pled as res judicata by defendant Gay in the present case.

The appeal is by the plaintiffs below from an order of the trial court sustaining defendant's plea of res judicata and rendering judgment in favor of defendant on defendant's motion for summary judgment and the same is enumerated as error. *Held:*

"If the trial court, in sustaining a demurrer or a motion to dismiss a petition, does not base its judgment on the merits of the case, the judgment will not be a bar to a subsequent proceeding for the same cause." *Keith v. Darby*, 104 Ga. App. 624 (1) (122 SE2d 463), and citations. The Supreme Court in deciding that the prior suit should have been dismissed as against general demurrer did so because no cause of action was stated which allowed relief by declaratory judgment. It noted in effect that the wrong remedy had been pursued and did not base its judgment on the merits of the cause. In such a case res judicata is not available as a bar to a subsequent action. See 30A AmJur 391, Judgments, § 349. Accordingly, the trial court erred in granting defendant's motion for summary judgment sustaining the plea of res judicata.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED MAY 6, 1968—DECIDED NOVEMBER 20, 1968—
REHEARING DENIED DECEMBER 11, 1968—

*Clifford Seay*, for appellants.
*Nelson & Nelson, Carl K. Nelson, Jr.*, for appellee.