## 52574. ROBERTS et al. v. WISE.

DEEN, Presiding Judge.

The City of Atlanta as condemnor filed a petition in rem against designated property under Code Chapter 36-6A, praying for an award by a special master. The petition was filed on December 4, 1974, and named appellee Wise, the city revenue collector, the county tax commissioner and others as persons whose interest might be affected. All persons so named were properly served. A special master was appointed and made a return dated January 9 and filed January 10, 1975, finding a value of $19,250 which was paid into court prior to January 24, when Wise moved to withdraw the fund. The motion was granted and the money paid over.

On February 9, 1976, more than a year later, the city and county taxing authorities filed a motion to set aside the order of disbursement on the ground that, since under Code § 92-6202 a property owner is required to return tangible property held and subject to taxation on the first day of January of the taxable year, the taxing authority was entitled to taxes for the year 1975, the city not having obtained title to the property until after that date. The

motion was denied and this appeal follows. *Held:*

In a special master proceeding under Code §§ 36-610a and 36-612a the taking is complete upon the award of the special master and payment into court of the amount determined. Thus title to the property vested in the city at some time after January 9, 1975, when the value was paid into court and the final order of the court dated January 21, 1975, was entered; nevertheless, the city claims a lien for the full amount of taxes for the year 1975. Whether or not, as the entity holding title to the property for some 11/12 of this period, it would be entitled to make such a claim (see 27 AmJur2d 32, Eminent Domain, § 256 and 45 ALR2d 533, Anno.) it appears that the taxing authorities were properly served in these proceedings, that they made an answer showing no amounts owing through the year 1974, and that they never attempted to make any claim for 1975 taxes until more than a year after the final judgment in the case.

In the case of *Conyers v. Fulton County,* 117 Ga. App. 649 (161 SE2d 347) it was held that the trial court had a discretion *at the term at which the judgment disbursing funds* was entered to vacate the order and reopen the case where it was shown to the court's satisfaction that *the claimant had received no notice of the condemnation proceedings.* In the present case appellants had received notice and, so far as the city is concerned, it was actually the prime mover in the proceeding. No claim for taxes for the year 1975 was ever filed. The judgment is valid on its face, and therefore not subject to a motion to set aside under Code § 110-702. It is clear from Code § 36-616a relating to disbursement of funds that the value of the property is paid into court to be disbursed by the clerk and "where there are conflicting claims [the clerk] may require such conflicting parties to establish their claims before the court as is provided by law in other similar matters." The burden is thus on one claiming entitlement to a part of the proceeds to make his claim before the clerk. No such claim was ever filed. Further, although the taxing authorities allege they did not receive notice of the motion to take down the fund, they do not contend that they were unaware of the award of the special master, the payment into court, or the judgment condemning the

property. Thus, had they wished to make a claim to the property they should have taken action to that end.

It should also be noted that Code Chapter 36-6A is not controlled by the Civil Practice Act, but is a special statutory proceeding. "The petition and order serve as all necessary process." *Nodvin v. Ga. Power Co.,* 125 Ga. App. 821 (2) (189 SE2d 118). It was there held that one who does not except to the findings of the special master or appeal from the judgment of condemnation cannot, on the usual appeal to a jury on the question of value, raise legal issues by way of counterclaim or motion. All the more is it true that one who fails to file a proper claim or make a timely protest to the judgment may not, after many terms of court have intervened, open up the case on the sole ground that he is entitled to a portion of the proceeds.

The trial court properly denied the motion to set aside.

*Judgment affirmed. Quillian and Webb, JJ., concur.*

SUBMITTED SEPTEMBER 13, 1976 — DECIDED SEPTEMBER 30, 1976— REHEARING DENIED OCTOBER 18, 1976.

*Lawrence Lehman,* for appellants.
*Claude E. Hambrick,* for appellee.