## 52681. FOURTH NATIONAL BANK OF COLUMBUS v. GRANT.

Argued September 15, 1976 — Decided October 5, 1976 —
Rehearing denied October 21, 1976 —

*Henson, Stapleton & Cheves, G. David Stapleton, III,
Kenneth Henson,* for appellant.
*Hirsch, Beil & Partin, Jacob Beil, Milton Hirsch,* for
appellee.

DEEN, Presiding Judge.

1. The first issue, to which several enumerations of error are addressed, is whether the superior court had jurisdiction to issue a final order of distribution after it had issued a final order granting declaratory relief. The appellant argues that since the trial judge originally granted only a declaratory judgment, he was barred from subsequently granting the further plenary relief the appellee had prayed for. Code Ann. § 110-1102 (a) specifically provides that a petition for declaratory relief also may include prayers for further legal or equitable relief, "and the failure of such petition to state a cause of action for declaratory relief shall not affect the right of such party to any other relief, legal or equitable, to which he may be entitled." It is the clear mandate of Code Ann. § 110-1101 that superior courts have the power to grant declaratory judgments "whether or not further relief *is or could be* prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such." (Emphasis supplied.) The question for decision is whether when a petition is brought seeking both declaratory *and* further relief and the superior court grants a declaratory judgment but withholds judgment on granting further relief and the declaratory judgment becomes final, reviewable and affirmed can the court then grant the plenary relief originally prayed for.

The appellee was clearly entitled to seek declaratory relief notwithstanding the fact that she had any other adequate legal or equitable remedies. Code Ann. § 110-1101 (c). She was also clearly entitled to pursue such other relief, in addition to declaratory judgment, in the same petition. Code Ann. § 110-1102 (a). The appellee would not be entitled to "further plenary relief," however, if such relief were dependent upon the resolution of the declaratory judgment issue. Code Ann. § 110-1102 (a) "relates to the right to relief which is independent of declaratory judgment, not that specifically bottomed on the declaratory judgment . . ." *Gay v. Hunt,* 221 Ga. 841, 846 (148 SE2d 310). The appellee petitioned for a declaratory judgment that she was entitled to a portion of the condemnation proceeds; if she were so entitled, she would be afforded "further plenary relief" but if she were

not so entitled further relief would not be available. Thus her sole right to "further plenary relief" was specifically bottomed on her right to declaratory relief. The judge granted her a declaratory judgment and apparently out of an abundance of judicial caution reserved judgment on granting her the further prayed-for relief until such time as the validity of the declaratory judgment could be determined. The Court of Appeals found the declaratory judgment to be correct but had it not done so the appellee would have been out-of-court because under the rationale of *Gay* she would have no right to "further plenary relief." Having had her declaratory judgment affirmed on appeal, the appellee then sought to renew her original prayers for further relief by her verified motion for rule for distribution of the condemnation proceeds to which the superior court and this court had determined she was entitled. We do not believe that the trial judge's choice to grant declaratory relief and reserve judgment on other prayed-for relief until an appeal from the former order could be taken divests the court of the jurisdiction to grant "further plenary relief" upon proper motion by the appellee to renew such a prayer, especially in light of the recalcitrance of the appellant to abide by its own stipulation and agreement.

2. The appellant objects to the court's application of Code Ann. § 36-616a in resolution of the conflicting claims. That statute provides: "When the condemning body has paid into the registry of the court, for the use and benefit of and subject to the demands of the condemnees, the amount of money provided for in the order of the special master, the effect of such payment into the registry of the court shall be the same as if paid to the condemnees directly, and provided that the clerk shall pay out such money to such condemnees, or their personal representatives, upon proper proof submitted to him as to the quantity of such interest and, where there are conflicting claims, he may require such conflicting parties to establish their claims before the court as is provided by law in other similar matters."

The thrust of the appellant's argument is that there were no condemnation funds held in the registry of any court and that Code Ann. § 36-616a is therefore in-

applicable. This totally ignores the fact that the reason there were no funds in the court's registry was because pursuant to the stipulation and agreement entered into between the parties the appellant was allowed to "hold· the net proceeds of any monies paid to it from settlement of the action in the Court of Ordinary and not disburse same until the rights of all parties have been determined under the pending declaratory judgment action. . ." In truth as well as in fact the appellant was the surrogate of the clerk of the superior  court; the appellant has itself recognized that "funds paid by the county of Muscogee were held in trust by the Appellant until the Appellee's claims to the property described in her security deed could be resolved by the Supreme Court of Georgia." It is thus clear that had the appellee not entered into the stipulation and agreement and the appellant not taken the funds in trust resort would be made under Code Ann. § 36-616a to establish her claim to the proceeds; we see no reason why the same resort could not be made when the appellant held such proceeds in trust until the conflicting claims could be resolved.

Code § 36-1113 provides in part that: "If any person, after judgment of condemnation, shall desire to come in and be heard on any claim to the fund or to any interest therein, he shall be allowed to do so." This court has already held: "It is immaterial that the grantee, Mrs. Grant, did not assert before the special master any claim to the condemnation proceeds and that such proceeds were distributed to the grantor under the special master's award (which was superseded by a compromise settlement effected after the grantor's death). . . Her claim to the proceeds of her land was tacitly recognized by the appellant bank (administrator of the grantor's estate) by serving her as a party at interest to the special master proceedings, and expressly, subsequent to the grantor's death, by stipulating with her that it would hold the condemnation proceeds until the parties' rights were determined in a declaratory judgment action filed by the appellant in 1971 (which was finally adjudicated against it and in the appellee's favor . . .)." *Fourth Nat. Bank v. Grant,* 135 Ga. App. 798, 799, supra. It is therefore abundantly clear that there was a conflicting claim to

condemnation proceeds which were being held by the appellant as surrogate for the clerk of the superior court. This being true Code Ann. § 36-616a was properly invoked. The procedure used by appellee to comply with Code Ann. § 36-616a (a money rule) was proper. *Golfland, Inc. v. Thomas,* 107 Ga. App. 563 (130 SE2d 757). Nor was it error to fail to submit to a jury the question of apportionment of the condemnation proceeds between the appellee's land and that which the appellant held as Mr. Anthony's administrator. Code Ann. § 36-602a states in part that the Code Chapter on Condemnation Before Special Master, which includes § 36-616a, is "intended to provide a simpler and more effective method of condemnation in those cases where . . . conflicting interests or doubtful questions render a *judicial supervision* of the procedure desirable." (Emphasis supplied.) Likewise, Chapter 36-6A is supplementary to and cumulative of Chapter 36-11. Code Ann. § 36-602a. Code § 36-1109 gives the judge the discretion in cases of conflicting interests to make "such order on the subject as shall secure a fair and impartial assessment" or to order a trial before a jury. Also Code § 36-1111 provides: ". . . [I]t shall be within the power of the court upon payment of the award or verdict into the registry of the court, to adjudge a condemnation of the title in fee simple, and give such direction as to the disposition of the fund as shall be proper . . ." See also *Kreutz v. Housing Authority,* 107 Ga. App. 315 (130 SE2d 134) to the effect that under Chapter 36-11 the judge is empowered to disburse condemnation proceeds to those "justly entitled" thereto, after hearing their respective claims.

3. Careful study of the record in this case compels us to hold that there was sufficient evidence to support the allocation of condemnation proceeds as made by the judge and this in the amount which was awarded. *Fourth Nat. Bank v. Grant,* 135 Ga. App. 798, 799, supra.

*Judgment affirmed. Quillian and Webb, JJ., concur.*