72611. BECK et al. v. COBB COUNTY.
(350 SE2d 818)

POPE, Judge.

On November 30, 1983 appellee county filed a petition to condemn a portion of property owned by appellants. Appellants filed an answer and counterclaim alleging that in the spring of 1983 when the county made known its desire to acquire the land in question for a permanent right-of-way, appellants advised it of several serious problems that would result from the acquisition and proposed construction thereon to the detriment of the remainder of appellants' property. As a result of the discussion between the county and appellants, a voluntary right-of-way deed and agreement dated May 16, 1983 was signed by appellants and delivered to the county. Appellants asserted that the county was seeking to bypass that agreement through the condemnation proceedings and prayed that the condemnation be denied and the county required to specifically perform the May 16 contract.

A special master was appointed, and on December 28, 1983 he issued an award in the form provided by statute. See OCGA § 22-2-110 (c). On January 12, 1984 appellants filed an "Appeal to Superior Court/Appeal to Jury Trial" from the return of the special master, appealing "this case in its entirety to the [superior court] and [demanding] a jury trial." By order filed January 18, 1984 the trial court

made the award of the special master the judgment of the court. On March 20, 1985 a consolidated pretrial order consented to by both parties was approved by the trial court and signed by all. The order recited in detail under the "Outline of Plaintiff's Case" the problems appellants alleged would be caused by the county's acquisition of and construction upon the property sought to be condemned. It further related appellants' contentions that after they delivered the right-of-way deed the county instituted the condemnation proceedings "to renege on the discussions and . . . to bypass these agreements," stating that the relief sought "in this case is to compel the County to live up to the agreements incident to the execution of the agreement . . . to remove certain cement pads, gas tanks, and install a drainage pipe" to avoid continual flooding of appellants' property, or in the alternative to award to appellants as damages the value of accomplishing these projects. The order also contained an outline of the county's argument in the case that the right-of-way deed was never properly executed nor adequately delivered, as well as listing witnesses and other evidence which both parties expected to introduce in support of their positions. Neither party contested the value placed upon the condemned property by the special master.

On December 2, 1985 all parties appeared in court for the trial. After the jury was selected the court discussed with counsel a pre-evidentiary charge which was agreed upon. Just before the jury was to be summoned for commencement of the trial, the county's attorney made an oral motion in limine to exclude "issues extraneous to the trial; that is, the execution or alleged execution of a right-of-way deed which they [appellants] claim should obviate the need for a condemnation to be filed in the first place. We think that the purpose of this jury trial strictly devolves upon the issue of value and that . . . unless they except to the findings of the special master, they are precluded from bringing any extraneous legal matters up at this time. . . . So, what we anticipate, by having reviewed the consolidated pre-trial order, they will be bringing up . . . extraneous issues, and inasmuch as they haven't excepted to the findings of the special master, that precludes them from doing it at this time and the jury cannot hear anything except for fair market value of the property." Appellants' attorney forcefully argued that the issues were set forth as understood by both parties and the court in the pretrial order and that the motion in limine was effectively a motion to dismiss the counterclaim, rendering the pretrial order meaningless. Nevertheless, the trial judge orally granted the county's motion in limine, at which point counsel for appellants stated that since there had been no question raised as to the fair market value placed on the property, there was "nothing left to try in this case" and the purpose for which he came to trial was defeated. The proceedings were then terminated.

On January 31, 1986 the trial court entered an order reflecting its oral pronouncements in granting the motion in limine. The trial court added a finding that "the excepted issues . . . are abandoned, the condemnees having absented themselves from the Court Room and declining to participate further in the proceeding, a jury having been selected and empaneled, and said appeal is accordingly dismissed." The appeal from this order was taken to the Supreme Court, which ordered the appeal transferred to this court. *Held*:

"Condemnation is a special statutory procedure and [OCGA § 22-2-102] provides that upon petition, the superior court shall make an order requiring *all* persons concerned *to* appear before a special master . . . to make known all matters material to their rights. . . . It is well established that all legal issues relating to the condemnation may be raised and determined in the special master proceeding. If no exceptions are taken to the master's findings or no regular appeal taken from the judgment based on his award, the only issue remaining is that of value." *Nödvin v. Ga. Power Co.*, 125 Ga. App. 821, 822-23 (189 SE2d 118) (1972); see *Wisenbaker v. Lowndes County*, 175 Ga. App. 825 (335 SE2d 1) (1985), and cits. Appellants properly raised and attempted to litigate all issues and objections concerning the condemnation in their response and counterclaim to the county's petition initiating the proceedings, as they were required to do. *Hendley v. Housing Auth. of Savannah*, 160 Ga. App. 221 (2) (286 SE2d 463) (1981). Apparently because the special master did not make any specific findings as to nonvalue issues in his return, appellants appealed the "case in its entirety," stating that they were "dissatisfied with the ruling" of the special master. This, however, was inadequate to preserve the nonvalue issues.

"The special master method of condemnation is intended to be an expeditious method of arriving at the just and adequate compensation to be first paid a citizen before his interest in property may be condemned. Such is accomplished by having a special master appointed to hear evidence as to the value of the property taken and the damage done and then to make an award upon which the superior court can enter a judgment immediately vesting title in the condemnor upon payment of the amount awarded. After entry of the court's judgment the taking is complete, but either party may file an appeal to a jury. In the appeal to the jury the issues are as to valuation not only as to property or properties actually taken, but also as to consequential damages, if any. . . . But notwithstanding the expeditiousness sought to be achieved with regard to valuation, the statute authorizes or, in any event, allows the special master to make other crucial determinations. [See OCGA §§ 22-2-102 and 22-2-102.1.] . . . The question naturally arises as to the remedy available, other than the jury appeal on valuation, for adverse rulings or findings by the

special master with regard to such 'other matters material to their rights.' In this regard the statute attempts at the outset to achieve a more perfect conciliation between the parties by providing for the use of experienced, competent attorneys as special masters. But the statute provides that 'his *relation and accountability* to the court shall be that of an *auditor or master in the general practice existing in this state*.' (Emphasis supplied.) [OCGA § 22-2-103.] Thus his rulings and findings are not immediately final. The statute obviously contemplates that, as with auditors, a special master's rulings and findings may be excepted to in the trial court and disposed of in like manner before any award, which is the end product of the proceeding, is offered to the court and a judgment of taking is entered up based on the award." (Indention omitted.) *Wiggins v. City of Macon*, 120 Ga. App. 197, 198-200 (169 SE2d 667) (1969). See *Shoemaker v. Dept. of Transp.*, 240 Ga. 573 (3) (241 SE2d 820) (1978); *Zuber Lumber Co. v. City of Atlanta*, 237 Ga. 358, 363-65 (227 SE2d 362) (1976). Litigants have a responsibility to assist this process by making their timely objections or exceptions to the award of the special master in specific rather than in generalized form. See, e.g., *United States v. Merz*, 376 U. S. 192, 199 (84 SC 629, 11 LE2d 629) (1964). Cf. OCGA § 9-7-14 (c); *Kytle v. Kytle*, 180 Ga. 833 (4) (181 SE 18) (1935); *Moon v. Moon*, 105 Ga. App. 597 (3) (125 SE2d 560) (1962) (requiring some degree of specificity in exceptions made to an auditor's report).

Prior to the special master's hearing in this case, appellants raised issues concerning the right and power of the county to take the property. However, it is clear that subsequent to the entry of the award of the special master and prior to the entry of the judgment of the trial court vesting title in the county pursuant to the special master's award, the only action taken by appellants was the filing of what can only be denominated a notice of appeal to a jury pursuant to OCGA § 22-2-112. At no time did appellants file specific exceptions to the award of the special master in order to preserve their right to have the superior court pass upon their claims relating to nonvalue issues. *Wiggins v. City of Macon*, supra. It has been consistently held that the failure of a party to file exceptions to the master's award for determination by the superior court results in a waiver of the party's right to further litigate any nonvalue issues. *Shoemaker v. Dept. of Transp.*, supra; *Big-Bin Dispos-All v. City of Valdosta*, 172 Ga. App. 746 (324 SE2d 501) (1984); *Allen v. Hall County*, 156 Ga. App. 629 (275 SE2d 713) (1980); *Nodvin v. Ga. Power Co.*, supra.

The only possible distinction between the case at bar and the above-cited authorities is the fact that the pretrial order entered in this case appears to include statements as to the positions of both parties with regard to the nonvalue claims of appellants. It is unequivocally clear, however, that under no circumstances would appel-

lants have a right to a jury trial, as opposed to a trial court determination, of such issues. *Sweat v. Ga. Power Co.*, 235 Ga. 281, 283 (219 SE2d 384) (1975); *Leach v. Ga. Power Co.*, 228 Ga. 16 (5) (183 SE2d 755) (1971). Moreover, to the extent that the separate and unique statutory provisions relating to an eminent domain proceeding conflict with the Civil Practice Act, the mandated special statutory procedures control. See *Roberts v. Wise*, 140 Ga. App. 1 (230 SE2d 320) (1976); *Nodvin v. Ga. Power Co.*, supra. In short, at the time of the entry of the pretrial order, any nonvalue issues originally raised by appellants had been eliminated by their failure to specifically except in this regard. Any legal findings evinced by the award of the special master, to which no exceptions raising nonvalue issues were ever filed, have long since been made the judgment of the superior court and the instant case is *not* an appeal from that judgment. "The award and judgment, unexcepted to and unappealed from, is res judicata as to the [nonvalue] issue[s]. . . . [Cit.] The judgment in the condemnation proceeding is, therefore, conclusive to all nonvalue issues raised in this appeal. [Cit.]" *Allen v. Hall County*, supra at 631-32. Therefore, the appellants' claims as to nonvalue issues having been waived and their having explicitly abandoned their right to contest the amount of just and adequate compensation pursuant to the earlier filed notice of appeal, the trial court correctly resolved the case by dismissing the de novo appeal.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 12, 1986.

*Richard L. Powell*, for appellants.
*Garvis L. Sams*, for appellee.