A96A0087. BANKSTON v. CITY OF BARNESVILLE et al.
(471 SE2d 543)

RUFFIN, Judge.

Bertha Bankston appeals from the superior court's order dismissing her claim to proceeds from a condemnation action. In the underlying action, the City of Barnesville ("the City") condemned property for construction of a police station. A special master valued the condemned property at $70,000 and awarded that amount to the estate of T. R. Bush and the heirs at law of Cleveland Bush ("Condemnees"). In an order dated May 11, 1994, the superior court made the special master's award the judgment of the court. After the City paid $70,000 into the registry of the court, Bankston, a predecessor in title, claimed she was entitled to the funds, arguing that she never deeded the property to T. R. and Cleveland Bush, her brothers. After a hearing, the superior court dismissed Bankston's claim and ordered that the funds be disbursed to the Condemnees. For reasons which follow, we affirm the order of the superior court.

The record shows that in establishing title to the property, the City relied on a deed of record conveying the property to T. R. and Cleveland Bush. Bankston testified that she sold the property to the Bushes in 1955 for $10,000, but that they paid only $950 towards the purchase price. Although Bankston acknowledged she never demanded that the Bushes pay the balance of the purchase price, she

contended that the deal was never consummated due to their failure to pay. The Bushes operated a cafeteria, pool room, and barber shop on the property for 35 to 40 years. When asked whether she paid any taxes on the property, Bankston responded: "No. Because [T. R. Bush] was in charge and I wouldn't come up and pay tax on his property." During the 1970s, the building housing the Bushes' businesses burned down. The Bushes rebuilt the building at their own expense. Finally, when asked whether she was asking the City to pay her some money, Bankston replied: "No. I am stopping them with that building . . . they do not have a clear title. . . ." She then acknowledged that she did not object to the money being paid to the Condemnees, but that it was not fair because the City did not have clear title.

1. On appeal, Bankston asserts that the trial court erred in dismissing her claim because the Bushes never paid for the property, she never signed a deed to the property, and her brothers' use of the property was permissive.

We note initially that contrary to the arguments of the Condemnees and the City on appeal, Bankston's claim to the funds was properly before the superior court. Appellees argued at length in their briefs that because Bankston did not present her claim to the special master, she waived any subsequent claim before the superior court. However, OCGA § 22-2-139 clearly provides that such a claim is not waived by the failure to assert it when the matter was before the special master. *Fourth Nat. Bank &c. v. Grant*, 140 Ga. App. 78, 83 (2) (230 SE2d 60) (1976).

We also conclude that the superior court did not err in denying Bankston's claim. The superior court found not only that Bankston failed to show she had title to the property, but also that she "admitted that she does not claim any interest in the funds." We find that there was sufficient evidence to support the trial court's finding that Bankston was not entitled to the funds because she did not own the property. See id.

Moreover, it is evident from Bankston's own testimony that she was abandoning any claim to the funds, and instead challenging the City's title to the property. That, however, is an issue that was conclusively decided several months earlier when the superior court entered judgment on the special master's award. See *Beck v. Cobb County*, 180 Ga. App. 808, 812 (350 SE2d 818) (1986). " 'The special master method of condemnation is intended to be an expeditious method of arriving at the just and adequate compensation to be first paid a citizen. . . .' [Cits.]" Id. at 810. See also OCGA § 22-2-101. "Any legal findings evinced by the award of the special master, to which no exceptions raising nonvalue issues were ever filed, have long since been made the judgment of the superior court and the

instant case is *not* an appeal from that judgment. 'The award and judgment, unexcepted to and unappealed from, is res judicata as to the nonvalue issues.' " (Citations omitted.) Id. at 812. The judgment in the condemnation proceeding is, therefore, conclusive as to Bankston's claim concerning title to the property. See id. Title vested in the City at the time it deposited the funds into the court's registry. See OCGA §§ 22-2-110 (b); 22-2-114. Therefore, because Bankston waived her claim to title and explicitly abandoned her claim to the proceeds, the trial court correctly resolved the case by dismissing her claim. See *Beck,* supra.

2. Appellee, Betty Bush Wynn moved for attorney fees in this appeal, claiming that Bankston did not have standing to assert her claim to the funds before the superior court. As stated above, this assertion is without merit, and Wynn's motion is therefore denied.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MAY 16, 1996.

*Martin & Martin, Harold E. Martin,* for appellant.

*W. Franklin Freeman, Jr., Norman Smith, John L. Strauss,* for appellees.