## 40028. GOLFLAND, INC. v. THOMAS.

DECIDED APRIL 2, 1963.

*Abe Crosby, Jr., George L. Jackson,* for plaintiff in error.
*John M. Hancock, Jr., Wallace Miller, Jr.,* contra.

RUSSELL, Judge. ■ In condemnation proceedings before a special master under the act of 1957 (Ga. L. 1957, p. 387 et seq.,

*Code Ann. Ch.* 36-6A) the acceptance by the condemnee of the amount awarded prevents neither party from prosecuting an appeal. *Code Ann.* § 36-615a. Where the condemning body pays the fund into the registry of the court the condemnor has discharged its obligation to pay as to the sum awarded by the special master and "the clerk shall pay out such money to such condemnees, or their personal representatives, upon proper proof submitted to him as to the quantity of such interest and, where there are conflicting claims, he may require such conflicting parties to establish their claims before the court as is provided by law in other similar matters." *Code Ann.* § 36-616a. The purpose of the law is to provide an effective method of condemnation where judicial supervision of the procedure is desirable. *Code Ann.* § 36-602a. Since this judicial supervision extends to a determination by the court of the relative rights of competitive claimants to the fund paid into the registry of the court, it follows that a proceeding by application and rule nisi in the nature of a money rule in this case would be a proper method of determining the entitlement of the movant to her portion of the fund, and that the contention of the plaintiff in error that the owner of the property should have brought an independent action for the fund rather than an application in this proceeding is without merit.

■ Since the special master, in determining the value of the property condemned, designated "Mrs. Eunice Holt Thomas [the owner] and Golfland, Inc.", the lessee, as "the condemnee" without making any attempt to apportion the market value of the property sought to be condemned between them, it is obvious that some judicial supervision and determination remains before the parties can, in the event of disagreement between them, draw down their several portions. The clerk might have initiated some proceeding to have the court determine a proper division of the fund under *Code Ann.* § 36-616a "as is provided by law in other similar matters," but even so the method of procedure by the clerk is not established, and this court is no more certain than the clerk of the trial court may have been as to what similar matters the legislature had in mind, none being designated by the statute. See *Code Ann.* § 36-602a; *Code* § 36-1111. How-

ever, the clerk is an officer of the court. "Where money is in the hands of an officer, he may pay it over to the plaintiff by whose process it was raised, unless other claimants deposit their liens with him. . . Money raised by legal process not being subject to levy and sale, the court in making distribution proceeds upon equitable principles. All parties intervening shall, by appropriate pleading, set forth the ground of their claim to the fund. All persons interested, who are notified in writing by the sheriff or movant of the pendency of the rule, will be bound by the judgment of distribution." *Code* § 24-211. This method of dealing with claims of creditors to money in the hands of the sheriff, also an officer of the court, was quite frankly conceived by the Supreme Court in *Foster v. Rutherford*, 20 Ga. 668, as one which it proposed to establish, did establish in that case, and ultimately succeeded in having incorporated in subsequent Codes of this State. In *Crawford v. Williams*, 76 Ga. 792, its purpose and extent were explained as follows: "A rule against a sheriff is not limited to cases in which he has neglected or violated his duty, causing injury to the movant; but where he has a fund in his hands in respect to which there are conflicting claims, and he is honestly in doubt as to what is his duty, he is entitled to the direction of the court relieving him from responsibility as to the matter in controversy; and this may be had by a rule to distribute the fund, which serves the purpose of a bill of interpleader, the sheriff being a mere stakeholder, and the contestants litigating over the funds in his hands." It thus appears that where an officer of court is a stakeholder as to a fund claimed by more than one litigant, a proper method for him to obtain the direction of the court in distributing the fund is by money rule, and that such rule may (and probably should) be brought by one of the parties claiming the fund or a part of it. A money rule would accordingly be a sufficient compliance with *Code Ann.* § 36-616a, and the application in this case would be sufficient to constitute a money rule except for two things. *Code Ann.* § 36-616a requires the claimant to prove the quantity of her interest. Here the claimant, while generally alleging that she owns the property in fee simple subject to the lease of the defendant Golfland, Inc., and while also alleging that she was

offered $45,400 and Golfland $6,860 for the property (which sums total the $52,260 awarded by the special master) fails to allege that she is entitled to at least $45,400 or any other sum from that deposited with the clerk, and fails to pray for any sum to be delivered to her or for any determination of the quantity of her interest. Her prayer that the clerk be directed to pay such sum as may be determined to be proper for the erection of her new house out of the funds in his possession is not a prayer for relief to which she is entitled, since the amount she will have to pay for a new house has no relevancy to a determination of the quantity of her interest in the fund. The first ground of demurrer was improperly overruled.

Secondly, both proper procedure on a money rule and the prayer of this petition that the clerk be required to pay the money over to the movant established that the clerk of the court is a necessary party to this proceeding. The second ground of demurrer urging this defect is well taken. But since the procedure, although not technically an equity case, proceeds upon equitable principles, *Code* § 24-211, supra; *Alsabrook v. Prudential Ins. Co.*, 174 Ga. 637, 639, 163 SE 706, and is "in the nature of an equitable proceeding," *Wright, Williams & Wadley v. Brown*, 7 Ga. App. 389 (2) (66 SE 1034), there is no reason why the applicant could not amend her pleading so as to conform to the requirements regarding rules for the distribution of funds in the hands of an officer of the court, including here the right to have the clerk made a party to the application. *Code* §§ 81-107, 37-1005.

The trial court erred in overruling the first and second grounds of demurrer to the application to draw down the fund.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*