## 43487. CONYERS v. FULTON COUNTY et al.

650

ARGUED MARCH 6, 1968—DECIDED APRIL 8, 1968—
REHEARING DENIED APRIL 19, 1968—CERT. 

*Grant, Spears & Duckworth, Robert W. Spears,* for appellant.
*Poole, Pearce & Cooper, George W. Bryan, Jr., George V.*
*Boyd, Alex Hitz, Ruth Davis, H. Fred Gober,* for appellees.

DEEN, Judge. ██ Had the address of Mrs. Loving been known to the condemning authority at the time of these proceedings, she would not have been bound by any judgment rendered in the case, since she had received neither service nor notice thereof. *Chattooga County v. Scott,* 215 Ga. 68 (108 SE2d 876). It cannot be said that the fact that the condemnor did not have her address was due to any fault of herself or her administrator.

When the motion to re-open the case was made at the same term of court at which the judgment was entered, the right to vacate the prior order lay within the discretion of the trial court. *Berrien County Bank v. Alexander*, 154 Ga. 775 (115 SE 648); *Hall v. First Nat. Bank of Atlanta*, 87 Ga. App. 142 (73 SE2d 252). Since the movant acted immediately upon learning of the proceedings, and since it is the statutory intent in eminent domain cases to bring before the court all persons claiming an interest in the property, it was not an abuse of discretion to grant her as a matter of discretion the same right which would have been hers as a matter of law if her address was available to the condemnor, a fact not within her control.

The motion on behalf of Mrs. Loving was filed at the same term of court in which the order authorizing payment of the fund to Conyers had been passed. It contained adequate averments showing that this condemnee was making her appearance immediately upon learning of the proceedings, stated the facts upon which she laid claim to the fund, prayed that Conyers be required to return the fund, that she have judgment for the amount stated, and that a rule nisi issue. The rule nisi was in fact granted on the same day, and was sufficient to continue the court's jurisdiction to hear the matter and ultimately vacate its prior order and make a different disposition of the fund. Cf. *McQueen v. Wilson*, 117 Ga. App. 488.

The rule nisi signed during the same term of court carried the court's jurisdiction over to the final hearing. *Cofer v. Maxwell*, 201 Ga. 846 (41 SE2d 420).

■ Both Conyers and Loving claim from a common source, Skinner. Skinner sold to Horton August 25, 1928, Horton to Salmoln Realty Co. and the latter to Loving. Conyers purchased at a marshal's sale August 4, 1931, and received a deed describing various tracts of land in Roseland Cemetery but "excepting from the above described property all lots heretofore sold by the said James L. Skinner." It is contended, however, that the deeds in the Loving chain of title are void for lack of proper description. The description specifies a tract of land in Land Lot 101 of the 14th District of Fulton County, Georgia, more particularly described as certain numbered lots of Section Six; also certain

numbered lots of Section 8 of the Roseland Cemetery, gives their dimensions, and states: "Said property is conveyed to said party of the second part to be used for cemetery purposes only and shall be used only in accordance with and subject to the rules and regulations prescribed by Roseland Cemetery." The contentions are (a) that the words "Section Six" do not refer to Roseland Cemetery, and (b) that "Roseland Cemetery" is itself insufficient to constitute a description. As to the first objection, it is apparent that Section 8 must necessarily refer to Roseland Cemetery, that if Section 6 does not also refer to Roseland Cemetery the words are meaningless, and that the whole of the land is being sold to be used in Roseland Cemetery for cemetery purposes. Deeds are to be construed in accordance with the intention of the parties (*Code* § 29-109) and effect must be given to every part of the description where practicable. *Reeves v. Whittle,* 170 Ga. 408 (4) (153 SE 53, 72 ALR 405); *Harmon v. First Nat. Bk. of Columbus,* 50 Ga. App. 3 (176 SE 833). As to the second contention, *Reeves* also holds (headnote 3): "When land has a descriptive name, it may be conveyed by that name; and extrinsic evidence is admissible to apply the description to the subject matter." As we will see below, there was introduced in evidence a recorded plat of Roseland Cemetery showing the lot numbers mentioned in the deed; and of course there was no factual contention that the land could not be identified for this action is a proceeding in rem to condemn these precise lots in Roseland Cemetery in Land Lot 101 of the 14th District of Fulton County, all of which information is included in the deed. To be valid, the deed description must identify the land or contain a key by the use of which in connection with extrinsic evidence the land may be precisely located. *Blumberg v. Nathan,* 190 Ga. 64 (8 SE2d 374). The deed description here meets these minimum requirements and was properly introduced in evidence.

■ Objection was also made to the admission in evidence of a certified copy of a plat prepared by "L. H. Fitzpatrick, C. E.," dated October, 1927, entitled "Provisional Subdivision of Section Six, Roseland Cemetery," showing the cemetery sections bounded by roads designated "Cleveland" and "Stewart," which plat was

of record in the office of the Clerk of the Superior Court of Fulton County and although it failed to show the location of the cemetery it was correctly indexed under Land Lot 101 of the 14th District, this being the same land lot and district shown on the deed. Admittedly, it did not measure up to the requirements for recording maps and plats set out in *Code* § 24-2716 et seq. (Ga. L. 1933, p. 193). *Code Ann.* § 29-421 et seq. (Ga. L. 1937, p. 746) also refers to recordation and indexing of plats, and *Code Ann.* § 29-425 provides: "Any and all such plats or blue print, tracing, photostatic or other such copies of such plats heretofore recorded in the manner herein provided, are declared to have been duly recorded." The plat, recorded and indexed according to *Code Ann.* § 29-421 was "duly recorded," assuming it was recorded at some point of time near its date of execution, an assumption we are justified in making in favor of the trial court's ruling. A recorded plat is constructive notice to the world. *Hackle v. Bowen*, 89 Ga. App. 799, 806 (81 SE2d 294). It was correctly admitted in evidence, and sufficiently showed the lot numbers referred to in the appellee's deed so that they might be positively identified.

The trial court did not err in granting summary judgment in favor of the Bank of Clearwater as administrator cum testamento annexo of the estate of Mrs. Harry Loving.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*