45791, 45792.   DEKALB COUNTY v. JACKSON-ATLANTIC COMPANY; and vice versa.

ARGUED JANUARY 11, 1971—DECIDED APRIL 8, 1971—
REHEARING DENIED APRIL 28, 1971—CERT. APPLIED FOR.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellant.

*King & Spalding, Charles M. Kidd, Jack H. Watson, Jr.,* for appellee.

HALL, Presiding Judge. The power of eminent domain is statuto-

ry, and the whole of Title 36 legislatively asserts, delegates and delimits this power. Many of the chapters are supplementary and cumulative, as is Chapter 36-11, the one under which the power was invoked in this case. *Code Ann.* § 36-1115. Many court decisions are also applicable to several chapters. This can lead to apparent contradictions. Here we have the condemnee contending that the question of dedication cannot be considered because the only issue on an appeal from an award is the value of the property taken. This is supported by the language of *Code Ann.* § 36-601 and many appellate decisions. *Atlantic & B. R. Co. v. Penny,* 119 Ga. 479 (46 SE 665); *Atlantic C. L. R. Co. v. Postal Telegraph-Cable Co.,* 120 Ga. 268 (48 SE 15, i AC 734); *Piedmont Cotton Mills v. Ga. R. &c. Co.,* 131 Ga. 129 (62 SE 52); *Atlanta Terra Cotta Co. v. Ga. R. &c. Co.,* 132 Ga. 537 (64 SE 563); *Harrold v. Central of Ga. R. Co.,* 144 Ga. 199 (86 SE 552).

On the other hand, the condemnor asserts that the cases construing the very same section hold that such an appeal is a de novo investigation and the trial is governed by the same rules as ordinary suits. Therefore, the issue of what is taken can be raised by amendment for the first time. *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1 (3) (76 SE 387, AC 1914A 880); *Ga. Power Co. v. Lightfoot,* 97 Ga. App. 330 (1) (103 SE2d 99); *Western Union Tel. Co. v. Western & A. R. Co.,* 142 Ga. 532 (83 SE 135).

Both are correct to some extent. Chapter 36-6 concerns appeals from several different forms of condemnation proceedings below and is necessarily general in its language. However, most of the cases cited by the condemnor are inapposite since they were decided before the enactment of Chapter 36-11 when issues other than value had to be raised by a separate bill in equity. See *Mitchell v. State Hwy. Dept.,* 216 Ga. 517 (118 SE2d 88) for a full discussion of this subject. Under the rationale of *Mitchell,* we believe all legal and equitable issues relevant to the condemnation of a piece of land may be raised in the single Chapter 36-11 proceeding, unless principles of waiver or estoppel apply. See *Adams v. Housing Authority of the City of Atlanta,* 117 Ga. App. 646 (161 SE2d 444). In view of our liberal practice rules regarding amendment and the wide discretion allowed the trial court, we cannot say the court abused that discretion in denying the motion to

strike the condemnor's amendment. *State Hwy. Dept. v. Hester,* 112 Ga. App. 51 (143 SE2d 658).

This does not mean, however, that all relevant issues are jury issues. Sections 36-1111 through 36-1113, as interpreted by appellate decisions, confer very broad powers on the trial court judge to identify interests, to mould the award, to dispose of the fund, to cause the issues to be made up, to determine all questions of law, however they may arise, that are necessary to speed the cause and do justice. See *Alexander v. Rozetta,* 110 Ga. App. 660 (139 SE2d 451); *State Hwy. Dept. v. Taylor,* 216 Ga. 90 (115 SE2d 188); *Kreutz v. Housing Authority of Dublin,* 107 Ga. App. 315 (130 SE2d 134).

The broad sweep of these powers clearly indicates an intent that the ordinary common law distinction between judge and jury as to law and fact finding powers be modified in condemnation proceedings, which are special proceedings, not limited to the usages of the common law, and which are ordinarily summary in nature. 6 Nichols, Eminent Domain, §§ 24.1 (1) and 26.21.

Therefore, we believe the proper interpretation is that while all issues may be raised in an appeal from the assessors' award, the question of value is the sole issue to be submitted to the jury, and its fact-finding powers are limited to those facts directly touching on value. The question of *what* is to be taken, when in doubt, is a mixed question of law and fact, and unlike the typical civil action, the trial court has the power and duty to make the findings of fact necessary to determine the question of law in order "to speed the cause," i.e., get the issue of value before the jury as soon as possible. The alternative would be to hold up necessary public works for years.

While a proceeding under a special master (Chapter 36-6A) has some unique characteristics, we can surely say that the fact and law finding powers granted the special master are not any greater than those of the court to which he reports. By analogy then, the case of *Johnson v. Fulton County,* 103 Ga. App. 873 (121 SE2d 54) is pertinent. There, this court held that all issues may be adjudicated by the master and are conclusive as to the ownership of the interests; and that the only issue which can be submitted to the jury is the question of value. This does not mean, as the condem-

nee here contends, that the assessors in a Chapter 36-11 proceeding have this power; however, the judge of the superior court before whom the proceeding is brought *does.*

Whether the lessee-condemnee dedicated a large portion of the land is a mixed question concerning the nature and amount of the land in issue. Its determination is for the trial judge. In this case he had before him the facts necessary for a determination.

The only evidence relied upon by the county to prove the condemnee's intent to dedicate the land was a drawing which a predecessor lessee had submitted to the City of Chamblee with an application for a building permit. The drawing allowed margins for possible road widening along the edges of the property and the building was sited in reference to them. This can in no way be considered an express dedication, nor is it sufficient to show an implied intent where, as here, the land was continually used in the condemnee's business until the taking. Where there is no express dedication and the requisite intent must be implied, "the acts relied upon to establish such dedication must be such as clearly showed a purpose on the part of the owner to abandon his own personal dominion over such property, and to devote the same to a definite public use." *Swift v. Mayor &c. of Lithonia,* 101 Ga. 706 (1) (29 SE 12); *City of Savannah v. Standard Fuel Supply Co.,* 140 Ga. 353 (78 SE 906, 48 LRA (NS) 469); *City of Atlanta v. Ga. R. & Bkg. Co.,* 148 Ga. 635 (98 SE 83); *Tift v. Golden Hardware Co.,* 204 Ga. 654 (51 SE2d 435). There is no precedent for the manner in which the trial judge should proceed to rule on this issue. In our opinion, it could be in the nature of a pre-trial order. The ruling under review is of a limited nature—the denial of the condemnor's motion for summary judgment. In view of what has been said above the trial judge's ruling was not error.

*Judgment affirmed. Eberhardt, J., concurs. Whitman, J., concurs in the judgment.*