### 30855. ZUBER LUMBER COMPANY v. CITY OF ATLANTA et al.
### 30856. GOULD INVESTORS TRUST v. CITY OF ATLANTA et al.
### 30857. CITY OF ATLANTA v. GOULD INVESTORS TRUST et al.

GUNTER, Justice.

This interlocutory appeal and interlocutory cross appeals are here by certificate prior to a jury trial as to value and prior to a determination by the trial court of the relative interests of the alleged condemnees in the proceeds, as determined by a jury, eventually to be awarded.

Gould Investors Trust is the owner of the condemned property, and its ownership is subject to certain outstanding liens; B. F. Goodrich Company is a lessee of Gould; Zuber Lumber Company is a lessee of Goodrich.

In January of 1975 the City filed a condemnation action pursuant to the Special Master Act (Code Ann. Ch. 36-6A) to acquire the subject land and interests therein for the use of the Metropolitan Atlanta Rapid Transit Authority (MARTA). The City sought to acquire fee simple title to a portion of the land; it sought to acquire permanent slope easements in a portion of the land; it sought to acquire two-year construction easements in a portion of the land; and it sought to acquire a permanent sewer easement in a portion of the land.

A Special Master was appointed by the trial judge; responsive pleadings were filed by the condemnees raising legal and constitutional issues; the Special Master conducted a hearing and entered an award on February 21, 1975; the condemnees and the condemnor filed exceptions to the award of the Special Master, and they also filed appeals to a jury in the superior court pursuant to Code Ann. § 36-614a; on March 10, 11, and 12 the trial

judge entered three separate orders that sustained certain exceptions of the condemnees and condemnor and remanded the case to the Special Master with directions from the trial judge contained in his three orders; the Special Master then entered a second award, considerably in excess of the amount of his first award, on April 7, 1975; the City filed four exceptions to the second award; Gould filed eight exceptions to the second award; Goodrich filed five exceptions to the second award; Cauble and Company, another condemnee claiming an interest in the proceeds, filed five exceptions to the second award; and Zuber filed seven exceptions to the second award. The City filed an appeal from the second award to a jury in the superior court pursuant to Code Ann. § 36-614a.

On April 9, 1975, the trial judge entered an order overruling all exceptions to the second award, denying motions to dismiss the condemnation action, and denying injunctive relief sought against the condemnor. A certificate for immediate review of that order was granted by the trial judge.

The trial judge also entered a judgment placing title to the subject property (the interests therein condemned) in the condemnor upon payment of the amount of the second award into the registry of the court.

These interlocutory appeals followed, and we now have them for decision.

Zuber's Contentions

1. Zuber first contends that the MARTA Act, Ga. L. 1965, p. 2243 et seq., as amended, which permits the City to condemn property for MARTA is unconstitutional. It contends that the MARTA Act is in conflict with the MARTA constitutional amendment (Code Ann. § 2-8602).

The MARTA Act provides: "The Authority shall have no power of eminent domain, but the City of Atlanta . . . . may, for purposes of the Authority, exercise the broadest power of eminent domain available to them or any agency or joint agency thereof, under any statute, and convey to the Authority any property so acquired. . ."

We find no merit in this contention.

2. Zuber's second contention is that MARTA has no legal existence inasmuch as the constitutional

amendment under which it was created was general rather than local in nature and was not passed upon by the voters of the entire state. In *Camp v. MARTA,* 229 Ga. 35 (189 SE2d 56) (1972), we held that the MARTA amendment was properly ratified. We now confirm that ruling again, and this contention is without merit.

3. Zuber's next contention is that the condemnation action by the City for MARTA purposes is violative of the Due Process Clauses and the Equal Protection Clauses of the Georgia and United States Constitutions. This contention has no merit.

4. Zuber's fourth contention is that the taking of a portion of the subject property was not "necessary" for the project for which the property was being condemned. In *Leach v. Georgia Power Co.,* 228 Ga. 16 (183 SE2d 755) (1971) this court said: "Section 3 of the Special Master Act (Code Ann. § 36-603a) provides that the condemning body is the exclusive judge as to the necessities of the public needs. A large discretion is vested in a party having the right to condemn, in the selection of particular property to be condemned. *King v. City of McCaysville,* 198 Ga. 829 (2) (33 SE2d 99)." p. 23. See also *Hinson v. Dept. of Transportation,* 230 Ga. 314 (196 SE2d 883) (1973).

We find no merit in this contention.

5. The fifth contention is that the City's resolution authorizing condemnation did not permit the acquisition of mere easements, permanent or temporary. The City's resolution authorized condemnation proceedings "to acquire fee simple title to the above-described properties as further described on the plat attached hereto . . ." The plats referred to showed the easements to be acquired, permanent and temporary, and the resolution in conjunction with the plats showed the interests in the property to be acquired by the condemning body. The condemnees and the trial court were plainly placed on notice of what interests in the property were being acquired.

We find no error.

6. This contention relates to liability for ad valorem taxes on the condemned property. It should be clear that the owner of the property on January 1, whether that ownership consists of the fee or an estate for years or an

easement, is liable for the ad valorem taxes for that calendar year. *Jones v. Morse Bros. Lumber Co.,* 171 Ga. 753 (156 SE 587) (1931). The owner on January 1, 1975, is ultimately liable to the taxing authority for ad valorem taxes for that calendar year, and there can be no liability on the condemning body unless it has accepted liability by contract.

This contention has no merit.

### Gould's Contentions

7. Gould's first two enumerated errors are almost identical to two of those of Zuber ruled on above. They were decided adversely to Gould's contentions.

8. Gould's third enumerated error asserts that the Special Master exceeded his power in holding that Zuber was entitled to cancel its lease with Goodrich. It further contends that the trial judge committed error in denying its exception to this provision of the second award.

We agree that this enumerated error is meritorious. A Special Master cannot determine contractual rights between two contesting condemnees. This is a matter for determination by the trial judge as will be hereinafter pointed out.

9. Gould's fourth enumerated error asserts that the Special Master exceeded his power in determining that Goodrich may, at its option, terminate the lease between itself and Gould. It further urges that the trial judge erred in not sustaining its exception to this provision in the second award.

This enumerated error is meritorious for the same reason as stated in the paragraph above.

### Contentions of Goodrich and Cauble

10. These two appellees contend that the Special Master did have jurisdiction and the power to determine contractual issues between and among contesting condemnees having adverse interests in the condemnation money award. They also contend that the evidence supported the decisions made by the Special Master, and that the trial judge did not err in overruling exceptions to these determinations made by the Special Master.

These contentions are without merit and will be treated hereinafter.

## The City's Contentions

11. The City, in addition to refuting numerous contentions of the other parties, essentially contends that the trial judge committed error in overruling four of its filed exceptions to the Special Master's second award.

The City excepted to that portion of the second award which found "as a matter of law that the lease between B. F. Goodrich Company and Zuber Lumber Company is totally frustrated and that it is impossible for Zuber Lumber Company to continue its operations on the leased premises." We agree that this contention is meritorious, and the trial judge committed error in overruling this exception.

The City contends that the trial judge committed error in overruling its exception to that portion of the second award which found "as a matter of law that B. F. Goodrich Company may, at its option, terminate the lease between itself and Gould Investors Trust." We agree that this contention is meritorious, and that the trial judge committed error in overruling this exception to the second award.

The City contends that the trial judge committed error in overruling its exception which complained of the exclusion of evidence by the Special Master. The excluded evidence related to whether the temporary construction easement to be acquired was exclusively for the benefit of the condemnor or whether ingress and egress would be permitted over it for the benefit of the condemnees.

We agree that the exclusion of this evidence was erroneous, and the trial judge committed error in overruling this exception to the second award. The City sought to condemn a two-year construction easement; evidence as to whether this construction easement was for the exclusive use of the condemnor or whether the condemnees would be afforded ingress and egress over this easement during the two-year period was quite material to the issue of just and adequate compensation to be paid for acquiring the temporary construction easement. Evidence of whether the easement was exclusive or non-exclusive was admissible, and the nature of the temporary easement, based upon such

evidence, should have been provided for in the judgment of condemnation later entered by the trial court.

The City's next contention relates to the overruling by the trial judge of its exception to the second award that granted compensation to Cauble on the ground that a contractual right had been terminated. The overruling of this exception was error for reasons hereinafter stated.

### Wrap-up

In our system of procedure an interlocutory appeal has two primary purposes: review of errors alleged to have been committed thus far, and provide guidance for further proceedings yet to take place in the trial court. In the foregoing eleven numbered paragraphs, we have ruled on the alleged errors. We will now attempt to give future guidance in this part of this opinion.

The primary purpose of the Special Master Act enacted in 1957 was "to provide a simpler and more effective method of condemnation" in those cases described and set forth in Code Ann. § 36-602a. Code Ann. § 36-603a provides that an authorized condemning body shall be the exclusive judge of the public need of the property to be acquired and the amount of property to be acquired for the public purpose. This same section also provides for "judicial ascertainment and judicial supervision of all questions and proceedings connected with the matter."

Jurisdiction is placed in the superior courts, and the trial judge must appoint the Special Master (Code Ann. § 36-606a); the trial judge must enter the judgment of condemnation in favor of the condemning body (Code Ann. § 36-613a); in the event of an appeal by one or more parties to a jury in the superior court, "it shall be the duty of the judge to cause an issue to be made and tried by a jury as to the value of the property taken or the amount of damage done" (Code Ann. § 36-614a); and where there are conflicting claims to condemnation proceeds paid in to the registry of the court which cannot be resolved by agreement between and among the claimants, the conflicting parties are required to establish their individual claims before the trial judge who has the power to resolve such conflicts (Code Ann. § 36-616a). See in this

connection: *C. & S. Nat. Bank v. Fulton County,* 123 Ga. App. 323 (180 SE2d 905) (1971); *Conyers v. Fulton County,* 117 Ga. App. 649 (161 SE2d 347) (1968) (cert. den., 117 Ga. App. 879); and *Golfland, Inc. v. Thomas,* 107 Ga. App. 563 (130 SE2d 757) (1963).

The primary duty of the Special Master is to ascertain the total amount in money that will be equivalent to "just and adequate compensation" for the property and interests in property being taken by the condemnor. In performing this primary duty he may have to make rulings of law such as the admission or exclusion of evidence, the amount or quantum of the property or interests therein being taken, etc. If an appeal to a jury in the superior court is not taken by one of the parties pursuant to Code Ann. § 36-614a, then exceptions to the rulings on issues of law made by the Special Master must be timely filed and presented to the trial judge for decision. If an appeal is taken pursuant to Code Ann. § 36-614a to a jury in the superior court, the trial in the superior court is a de novo proceeding, and it is the duty of the trial judge, by pre-trial order or during the course of the trial, to rule on all legal issues. In *Leach v. Georgia Power Co.,* supra, we said: "The appeal by the condemnees from the award of the Special Master to a jury trial in the superior court is still pending, but that appeal does not carry with it the right to a jury trial on the other issues in the case. Code Ann. § 36-614a." p. 22.

The broad purpose of the Special Master Act is to provide a method to obtain a rather rapid but perhaps tentative determination of just and adequate compensation to be paid to the condemnee or condemnees so that title to the property being condemned can be vested as soon as possible in the condemnor, thus preventing delay of the public project. If an appeal is taken by any party to a jury pursuant to Code Ann. § 36-614a, the trial judge commits error in remanding the case to the Special Master. The trial judge should rule on all legal issues, either by pre-trial order or during the course of the trial, in the jury case pending before him.

Under the Special Master Act, once a condemnation judgment has been entered vesting title in the

condemnor, amendments increasing or decreasing the amount or quantum of property taken cannot be allowed. This is so, because the property sought to be taken has already vested in the condemnor. At that point the condemnor cannot change the amount or quantum of the property that has already been vested in it. Prior to the entry of the condemnation judgment, amendments can be allowed; but after entry of the condemnation judgment, such amendments cannot be allowed.

In *Taylor v. Georgia Power Co.,* 129 Ga. App. 89 (198 SE2d 701) (1973) (cert. den., 129 Ga. App. 921), the Court of Appeals held that such an amendment prior to the entry of a judgment vesting title is allowable. That was a "three assessors" case. In a special master case, *Dougherty County v. Snelling,* 132 Ga. App. 540 (208 SE2d 362) (1974) (cert. den., 132 Ga. App. 897), the Court of Appeals apparently held, though it is not clear, that such an amendment could be allowed after the entry of the judgment of condemnation. To the extent that Division 2 of that opinion did so hold, it is hereby explicitly disapproved and overruled.

Finally, the competing claims, contractual or otherwise, between and among condemnees for the condemnation money eventually awarded by the jury in this case must be, after a proper hearing, determined by the trial judge pursuant to Code Ann. § 36-616a.

The judgment below is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 9, 1976 — DECIDED JULY 9, 1976 — REHEARING DENIED JULY 27, 1976.

*Greene, Buckley, DeRieux & Jones, John D. Jones, Gregory J. Digel,* for Zuber Lumber Co.

*Henry L. Bowden, Thomas F. Choyce,* for City of Atlanta.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Jeffrey W. Kelley,* for Gould Investors Trust.

*Huie, Ware, Sterne, Brown & Ide, W. Stell Huie,* for

MARTA.

*Swift, Currie, McGhee & Hiers,* for B. F. Goodrich Co. et al.