## 65213. BUDD LAND COMPANY, LTD. v. CITY OF VALDOSTA et al.

Carley, Judge.

As lessor, appellant-condemnee leased to K & R Realty Company a tract of land with buildings situated thereon. The lease agreement included a provision that, in the event that the premises or any part thereof were taken or condemned, the lease could be terminated, at the lessee's option, as of the date of the taking.

In July 1980, appellee-condemnors, the City of Valdosta and

Lowndes County, instituted proceedings to condemn a portion of appellant's property which was under lease. Following a hearing before a Special Master, appellant was awarded a sum representing the market value of the property actually taken. The Master's award found there were no consequential damages to the remaining property. Pursuant to OCGA § 22-2-112 (Code Ann. § 36-614a), appellant appealed to the superior court from the award of the Special Master.

On August 14, 1980, the lessee of the property notified appellant of its exercise of its right, under the lease agreement, to cancel the lease as a result of the condemnation. Appellant filed suit against the lessee for rentals reserved under the lease agreement. Summary judgment was granted for the lessee, and this court affirmed in *Budd Land Co. v. K & R Realty Co.,* 159 Ga. App. 448 (283 SE2d 665) (1981).

In connection with appellant's de novo appeal from the award of the Special Master, both parties stipulated the facts and agreed that the issue should be decided by the court on cross motions for summary judgment. The factual stipulation was that the land and buildings remaining after the taking suffered no consequential damages and were no less suitable or desirable for the purposes for which they had been leased. The controlling question of law was agreed to be as follows: "[I]s the lessor-condemnee, Budd Land Co., Ltd., entitled to consequential damages for cancellation of its lease on the subject property by [the lessee]?" Following a hearing, the superior court granted summary judgment to the appellees and appellant appeals from this order.

The issue in the instant case must be resolved by application of the rationale enunciated in *State Hwy. Dept. v. Hood,* 118 Ga. App. 720 (165 SE2d 601) (1968). In *Hood,* this court stated that "when the owner of . . . land is compensated for the value of the land taken, at whatever that value may be, he is made whole. Likewise, when there is a remainder and the owner is compensated for its change in market value, if any, as a result of the taking, he is made whole." *State Hwy. Dept. v. Hood,* supra, 722. Compare *Carasik Group v. City of Atlanta,* 146 Ga. App. 211 (2) (246 SE2d 124) (1978) where the condemned property was no longer usable for the purposes for which it was originally leased. In view of the stipulation that there was no diminution in the value of the property remaining after the taking, the trial court did not err in granting summary judgment in favor of the appellees.

*Judgment affirmed. Shulman, C. J., and Quillian, P. J., concur.*

Decided February 24, 1983.

*Reuben H. Yancey,* for appellant.
*George T. Talley, Oris D. Blackburn, Jr.,* for appellees.