66364. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY v. GOULD INVESTORS TRUST et al.

POPE, Judge.
The present interlocutory appeal is the second appearance of this condemnation case in the Georgia appellate courts since it was filed in January 1975. A recitation of the facts as the case proceeded from its inception to April 9, 1975 is provided in the Supreme Court opinion deciding the first interlocutory appeal of this case, *Zuber Lumber Co. v. City of Atlanta,* 237 Ga. 358 (227 SE2d 362) (1976). In *Zuber,* the court held that the Special Master had exceeded his power by ruling on the termination of a lease and a sublease occasioned by the condemnation of the subject property. "A Special Master cannot determine contractual rights between two contesting condemnees. This is a matter for determination by the trial judge. . . ." *Zuber Lumber Co. v. City of Atlanta,* supra at 361. The case was "remanded to the trial court for further proceedings consistent with [the] opinion." The Metropolitan Atlanta Rapid Transit Authority (MARTA) was joined and added as a condemnor.

On February 16, 1978 the lessee moved the trial court, pursuant to OCGA § 9-11-42(b) (Code Ann. § 81A-142), "for a separate and advanced trial on the issue of whether the subject condemnation rendered the subject property untenantable and unsuitable for the

purposes of [lessee and sublessee] as of April 9, 1975, the date of the taking. . . ." By order dated May 12, 1978 the trial court granted lessee's motion noting that no objection to it had been made by either the condemnor or other condemnees. In the order, the parties were authorized to submit such evidence as they should elect at the upcoming hearing specially set for July 24, 1978. Thereafter, evidence and argument of counsel were submitted by the respective parties on July 24 and August 24, 1978. By order dated September 7, 1978 entitled "Judgment on Tenantability, Suitability and Lease Termination," the trial court found that the condemnation made the subject property unsuitable and untenantable for both the lessee and sublessee as of the April 9, 1975 date of the taking. The court concluded that the lease and sublease were, thus, terminated as of that date resulting in the cessation of the rental obligations of the lessee and sublessee.

Four years later, and prior to a jury trial, on September 3, 1982 MARTA filed in the trial court a Motion to Reconsider and to Set Aside the September 1978 "Judgment on Tenantability, Suitability and Lease Termination." On September 10, 1982 the motion was denied by the trial judge who then granted a Certificate for Immediate Review. We granted MARTA's application for interlocutory appeal.

1. MARTA assigns as error the trial court's refusal to reconsider and failure to set aside the September 7, 1978 "Judgment on Tenantability, Suitability and Lease Termination," asserting that such decision is clearly erroneous and void on its face. In support of this proposition, MARTA contends that the questions of tenantability, suitability and lease termination are so central to the issue of damages that they are properly decided only by the jury. We disagree.

In *Zuber Lumber Co. v. City of Atlanta,* supra at 363-5, the Supreme Court provided guidelines for the conduct of the proceedings upon remand and for other condemnation cases of this kind appealed from the award of the Special Master to the superior court. In the event of such appeal by one or more parties to a jury in the superior court, " 'it shall be the duty of the judge to cause an issue to be made and tried by a jury as to the value of the property taken or the amount of damage done' [(OCGA § 22-2-112) (Code Ann. § 36-614a)]; and where there are conflicting claims to condemnation proceeds paid into the registry of the court which cannot be resolved by agreement between and among the claimants, the conflicting parties are required to establish their individual claims before the trial judge who has the power to resolve such conflicts [(OCGA § 22-2-114) (Code Ann. § 36-616a)]. [Cits.]

"The primary duty of the Special Master is to ascertain the total amount in money that will be equivalent to 'just and adequate compensation' for the property and interests in property being taken by the condemnor. . . . If an appeal is taken pursuant to [OCGA § 22-2-112 (Code Ann. § 36-614a)] to a jury in the superior court, the trial in the superior court is a de novo proceeding, and *it is the duty of the trial judge, by pre-trial order or during the course of the trial, to rule on all legal issues.* [Emphasis supplied.] In *Leach v. Georgia Power Company,* [228 Ga. 16, 22 (183 SE2d 755) (1971)], we said: 'The appeal by the condemnees from the award of the Special Master to a jury trial in the superior court is still pending, but *that appeal does not carry with it the right to a jury trial on the other issues in the case.* [OCGA § 22-2-112 (Code Ann. § 36-614a)]' " (Emphasis supplied.) In closing, the court reiterated: "[T]he competing claims, contractual or otherwise, between and among condemnees for the condemnation money eventually awarded by the jury *in this case* must be, after a proper hearing, determined by the trial judge pursuant to [OCGA § 22-2-114 (Code Ann. § 36-616a)]." (Emphasis supplied.)

The reversal in *Zuber* was grounded upon the Special Master's lack of authority to determine the claims of the condemnees; here, a question of the usability of the condemned property and any resultant termination of the leasehold and/or subleasehold interests. Resolution of such issues, the court directed, is a matter for the trial judge. In light of the holding and guidelines advanced in *Zuber,* we believe that the trial court correctly exercised its power to determine the mixed questions of law and fact on the issues of tenantability, suitability and lease termination. The judgment of September 7, 1978 is therefore not clearly erroneous and void on its face as urged by MARTA. The trial court's denial of MARTA's Motion to Reconsider and Set Aside such judgment was not error on this ground.

We find support for this conclusion in *Carasik Group v. City of Atlanta,* 146 Ga. App. 211 (246 SE2d 124) (1978). Following *Zuber,* supra, and relying upon it, this court held that the trial court was correct in determining, as the finder of fact, the issue of the leased property's usability by the lessee subsequent to condemnation, and in concluding as a matter of law that the lease was, thus, terminated as a result of the condemnation.

Further illumination is found in other condemnation cases explaining the roles of the judge and the jury. "What [OCGA § 22-2-114 (Code Ann. § 36-616a) makes] very clear is that the court, and not the jury on appeal, will decide the *quantity* of interest of each condemnee, and . . . the court and not the jury will also decide the *quality* of such interest, for the reason that the appeal to the jury goes to the issue of value only and it is not intended by this act . . . to leave

any other subject matter for jury determination." *Johnson v. Fulton County,* 103 Ga. App. 873, 884 (121 SE2d 54) (1961) (on motion for rehearing). "[W]hile all issues may be raised in an appeal from the assessors' award, the question of value is the sole issue to be submitted to the jury, and its fact-finding powers are limited to those facts directly touching on value. The question of *what* is to be taken, when in doubt, is a mixed question of law and fact, and unlike the typical civil action, the trial court has the power and duty to make the findings of fact necessary to determine the question of law in order 'to speed the cause,' i.e., get the issue of value before the jury as soon as possible. The alternative would be to hold up necessary public works for years." *DeKalb County v. Jackson-Atlantic Co.,* 123 Ga. App. 695, 698 (182 SE2d 160) (1971).

2. MARTA contends that the trial court erred in refusing to review and reconsider the "Judgment on Tenantability, Suitability and Lease Termination," because the judgment is not final. This argument is based upon OCGA § 9-11-54(b) (Code Ann. § 81A-154). In the judgment of September 7, 1978 there appears no "express determination that there is no just reason for delay" nor is there any "express direction for the entry of judgment." "In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." OCGA § 9-11-54(b) (Code Ann. § 81A-154).

Since the jury trial is still pending, the foregoing code section is applicable. Inasmuch as there are multiple parties, the trial judge was authorized, *in his discretion,* to review and reconsider the "Judgment on Tenantability, Suitability and Lease Termination." The trial judge's order denying MARTA's Motion to Reconsider and Set Aside the judgment clearly shows that he concluded that he had no such discretion. See *Williams v. C. & S. Nat. Bank,* 142 Ga. App. 346 (4) (236 SE2d 16) (1977). The order recites that "[t]he Court is bound by the Judgment on Tenantability, Suitability and Lease Termination entered on September 7, 1978 under the principles of *stare decisis* and law of the case. . . ." These principles, as stated by the order, barred the Court "from re-examining, reconsidering or setting aside" the findings of fact and conclusions of law contained in the September 7, 1978 judgment. Even though, as we held in Division 1, we find the judgment of September 7, 1978 to be valid, and we have been provided no explanation for the four-year lapse in time between

September 7, 1978 and MARTA's Motion to Reconsider and Set Aside the judgment of that date, "we may not apply the maxim that a judgment right for any reason will be affirmed, for it is apparent that the judge in this case rested his judgment on reasons which were erroneous, or that the judgment was based upon an erroneous legal theory. Under such circumstances, the trial judge commits reversible error. [Cits.] We will cure this error by returning the case to the trial court for a valid exercise of the judge's discretion" (*Williams v. C. & S. Nat. Bank,* supra at 349-50) in ruling on MARTA's Motion to Reconsider and Set Aside the September 7, 1978 judgment.

*Judgment reversed with direction. Quillian, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 30, 1983 —
REHEARING DENIED DECEMBER 16, 1983 — ■■■■■■

*Charles N. Pursley, Jr.,* for appellant.
*Frank Love, Jr., John D. Jones, Gregory J. Digel, Arthur H. Glaser, Douglas W. Kessler, Steven Speer,* for appellees.