70737. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY v. GOULD INVESTORS TRUST et al.
(335 SE2d 410)

Banke, Chief Judge.

A complete recitation of the facts involved in this condemnation action may be found in *Zuber Lumber Co. v. City of Atlanta,* 237 Ga. 358 (227 SE2d 362) (1976), where the Supreme Court held that a Special Master was not authorized to rule on an issue involving the termination of a lease and a sublease in connection with the condemnation. After that decision was rendered, the case was remanded to the trial court, and a separate trial was held on the lease termination issue, resulting in a determination by the trial court that the condemnation had made the property in question unsuitable and untenantable for both the lessee and the sublessee as of the 1975 date of taking. Concluding that it had no further discretion in this matter, the court subsequently denied a motion by MARTA to reconsider and set aside this ruling. We granted an interlocutory appeal from that order and remanded the case to allow the court to exercise its discretion to set aside its earlier order. See *MARTA v. Gould Investors Trust,* 169 Ga. App. 303 (312 SE2d 629) (1983). In this appeal from a second denial of the motion to set aside, MARTA contends that the court's order regarding lease termination is not supported by the evidence. The appeal is properly before us because the trial court made its order final pursuant to OCGA § 9-11-54 (b) and found no just reason for delay. See *Wills v. McAuley,* 166 Ga. App. 4 (303 SE2d 26) (1983).

1. A careful review of the record, which consists mainly of affidavits, depositions, and other evidence concerning the effect of the condemnation on the suitability of the premises for the purposes for which it was leased, convinces us that the evidence, though in dispute, was more than adequate to support the trial court's judgment. "In considering the evidence, this appellate court cannot substitute its judgment for that of the trial court where there is evidence to support the judgment." *Carasik Group v. City of Atlanta,* 146 Ga. App. 211, 215 (246 SE2d 124) (1978). The trial court sits as a trier of fact on

issues such as the one before us, and our review is consequently governed by the "any evidence rule." See *MARTA v. Central Parking System*, 167 Ga. App. 649 (3) (307 SE2d 93) (1983). It was not error to deny the motion to set aside.

2. The appellees' motion for damages for frivolous appeal is denied.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 3, 1985 —
REHEARING DENIED SEPTEMBER 24, 1985 — ▮▮▮▮▮▮▮▮

*Charles N. Pursley, Jr.*, for appellant.

*Frank Love, Jr., Gregory J. Digel, John D. Jones, Arthur H. Glaser, Douglas W. Kessler, Steven E. Speer*, for appellees.