71497, 71498. WALKER v. GEORGIA POWER COMPANY;
and vice versa.
(339 SE2d 728)

DEEN, Presiding Judge.

On November 7, 1975, Georgia Power Company filed a petition in the Superior Court of Monroe County seeking to condemn .0295 acre of land known as the Wright Family Cemetery, located within a larger tract of land it owned in fee simple on which it planned to construct a plant, and to relocate and reinter the bodies buried there "under the provisions and by the authority of" OCGA § 36-60-6. Named as defendants were appellant Vivian Walker and thirty other known heirs at law of the persons buried therein. Because the cemetery might contain other gravesites then unknown and undiscovered, and the rights of ingress and egress thereto and from, the petition also sought to condemn the incorporeal hereditaments of any and all other persons having or claiming any rights or interests in the cemetery, so that all interested parties could come into court and make a claim to the proceeds to which they were entitled as just and adequate compensation. The petition asked for the appointment of a special master and stated that Georgia Power intended to relocate the gravesites from the Wright Family Cemetery to another location on property it had purchased adjacent to the Juliette Methodist Church, bearing all expenses and in compliance with OCGA § 36-60-6 and the regulations promulgated thereunder by the Georgia Department of Public Health.

Pursuant to this statute, a permit was requested and granted by resolution of the Monroe County Commission on November 19, 1975, approving and authorizing Georgia Power's plans for disinterment and relocation of the cemetery. A special master was appointed, and on November 20 his award was entered and filed, recommending that the property be condemned by a judgment in rem and that the sum of $12 be awarded to the defendants as the actual market value of the property. Judgment was entered accordingly on November 21. The disinterment and reinterment was carried out by a licensed funeral director at the new cemetery plot, which was about three miles from the former location on a public road, enclosed in a chain link fence with a rock and wrought iron entrance constructed by Georgia Power with space available for at least fifty more graves, and each of the new gravesites was marked with marble headstones and footstones, whereas the original locations had been indicated only by sunken depressions in the ground.

The record shows no objection, complaint or appearance by appellant Walker or any other party before the Monroe County Commission in regard to the application for the reinterment permit, no objection to the grant of the permit or its execution, nor to the loca-

tion of the relocated cemetery site. No answer, pleading or writing of any kind was filed by the defendants in the condemnation proceeding prior to the award of the special master. On November 28, 1975, appellant Walker filed an appeal in superior court of the special master's award but the case was inactive until February 8, 1980, when Georgia Power filed a motion for summary judgment supported by affidavits and other documents recounting the above stated facts. Mrs. Walker filed an affidavit on March 8, 1980, devoted primarily to a recitation of her visits to another family cemetery and further stating that "the award for her easement rights in both cemeteries [was] grossly inadequate, and should be decided by a jury." Attached to this affidavit were certified copies of the minutes of the Board of Commissioners which purported to "indicate that there was no bona fide resolution in the minutes to move the bodies out of the cemeteries [and] that any resolution not incorporated in the minutes [is] void." On May 15, 1985, Mrs. Walker filed another affidavit alleging ownership of a legally undescribed 0.122 acre of land condemned by Georgia Power. Although it had previously overruled Georgia Power's motion for summary judgment, on May 16, 1985 the superior court granted its motion to dismiss Mrs. Walker's appeal of the award of the master on the grounds that she had no compensable interest as required by OCGA § 22-2-102, that Georgia Power had relocated the cemetery in compliance with the provisions of OCGA § 36-60-6, and that no rights of Mrs. Walker had been extinguished, since she still had all the rights she had previously held in the former cemetery. Mrs. Walker and Georgia Power both appeal.

Since this action arose as a condemnation proceeding initiated by Georgia Power under OCGA Title 22-2, we conclude that the matter is properly before us by direct appeal (see OCGA § 5-6-35 (a) (1)), even though the amount of damages in controversy is less than $2,500, which would otherwise necessitate dismissal for failure to follow the discretionary appeal procedures of OCGA § 5-6-35 (a) (6). See *Brown v. Assoc. Fin. Svc. Corp.*, 175 Ga. App. 553 (333 SE2d 888) (1985). Having chosen and agreed to use the special master proceeding, the parties are bound by the law applicable to such proceedings. *MARTA v. Central Parking System*, 167 Ga. App. 649, 651 (2) (307 SE2d 93) (1983).

1. Mrs. Walker asserts, without any allegation or showing of what she considers to be the true value, that the small amount awarded her did not sufficiently compensate her for the other rights she lost, specifically, the right to be buried in the family cemetery with her ancestors, the right to visit, decorate and honor the graves of her ancestors in the place they were laid to rest, and to have unimpeded ingress to and egress from the cemetery for these purposes. Georgia Power contends that Mrs. Walker failed to show any compensable right, title or

interest in the condemned cemetery plot and thus established no standing to recover in this proceeding. There seems to be no dispute between the parties that Georgia Power holds title in fee simple to the larger tract within which the original cemetery was contained, as well as the property onto which it was relocated. Georgia Power, by the bringing of the action to condemn the original family cemetery has also implicitly recognized that Mrs. Walker and the other heirs at law had some interest in the property. Thus the question presented here is whether this was a compensable interest within the contemplation of the laws of eminent domain, and it is one which has not been previously addressed by the appellate courts of this state.

Our research of cases from other jurisdictions reveals that while "the appropriation of land for a family burial plot is often described as a 'dedication,' without clarity as to whether a dedication in the strict legal sense is meant or whether a family burial ground was established in a manner other than by a legal dedication . . . , [o]ther cases take the view that a private or family cemetery or rights incident to it can be established or acquired only by a means, other than dedication, which is legally sufficient to accomplish the creation or a transfer of an interest in real property, or an appropriation pursuant to the provisions of an applicable statute. [Cits.]" Annotation: Private or family cemeteries, 75 ALR2d 591, 594 (1961). "Though a common law dedication, in its sense of a commitment to the general public, does not arise to create a private or family burial ground, there is authority for the proposition that owners may, without formal written documentation, establish and set aside a place of burial for the benefit of those included within a family neighborhood and that such may be evidenced by acts, acquiescence or other conduct evincing clearly such a purpose. . . . Whether the legal creation of a family or community cemetery be labeled a 'dedication,' a 'trust' or an 'easement' the rights and limitations in the area of the fee owner and of others having an interest are the same and are reasonably well established." *Mingledorff v. Crum*, 388 S2d 632, 635-36 (Fla. App. 1980). See also *Aldridge v. Puckett*, 278 S2d 364 (Ala. 1973); *Grinestaff v. Grinestaff*, 318 SW2d 881 (Ky. 1958).

The case most frequently acclaimed and followed, and the subject of the ALR annotation, is *Heiligman v. Chambers*, 338 P2d 144 (Okla. 1959), in which the Oklahoma Supreme Court held: "When a family burial plot is established, it creates an easement against the fee, and while the naked legal title will pass, it passes subject to the easement created. . . . *The easement and rights created thereunder survive until the plot is abandoned either by the person establishing the plot or his heirs, or by removal of the bodies by the person granted statutory authority. Nicolson v. Daffin*, 142 Ga. 729, 83 SE 658, LRA 1915E, 168; *Trefry v. Younger*, 226 Mass. 5, 114 NE 1033;

*Hook v. Joyce*, 94 Ky. 450, 22 SW 651, 21 LRA 96; . . . *Boyd v. Ducktown Chem. & Iron Co.*, 19 Tenn. App. 392, 89 SW2d 360." 75 ALR2d at 589. (Emphasis supplied.)

While the *Nicolson* case cited by the *Heiligman* court involved a public cemetery, we believe the Georgia courts have inferentially followed the *Heiligman* rule as to family cemeteries as well. See *Turner v. Joiner*, 77 Ga. App. 603 (1a) (48 SE2d 907) (1948); *Seibers v. Morris*, 226 Ga. 813 (3) (177 SE2d 705) (1970). Thus, as stated in *Nicolson*, one who owns or has an interest in a cemetery for burial purposes "does not acquire any title to the soil, but only an easement or license for the use intended." 142 Ga. at 732. Accordingly Mrs. Walker, as an heir of the person who established the Wright Family Cemetery, did own an easement to enter, care for and maintain the burial plots, of freedom from damage or disturbance, and to use and enjoy the property, which would entitle her to just and adequate compensation for its taking unless she abandoned her rights thereto.

We agree with Georgia Power's argument that by virtue of her acquiescence without objection to the removal and reinterment of the remains of her ancestors in the cemetery relocated pursuant to the statutory authority granted by OCGA § 36-60-6, Mrs. Walker abandoned her easement in the original property. Consequently, we conclude that the superior court erroneously denied Georgia Power's motion for summary judgment on the basis that it could not rule "as a matter of fact or law that the rights of ingress, egress, burial, etc. in a private, family cemetery area are equal in quality to the rights substituted for them, or that the monetary award was adequate to compensate condemnees for the loss of rights in the particular property."

"The primary duty of the special master is to ascertain the total amount in money that will be equivalent to 'just and adequate compensation' for the property and interests in property being taken by the condemnor. . . . If an appeal is taken pursuant to [OCGA § 22-2-112] to a jury in the superior court, the trial in the superior court is a de novo proceeding, and it is the duty of the trial judge, by pre-trial order or during the course of the trial, to rule on all legal issues." *Zuber Lumber Co. v. City of Atlanta*, 237 Ga. 358, 364 (227 SE2d 362) (1976). "What [OCGA §§ 22-2-112 and 22-2-114] make very clear is that the court, and not the jury on appeal, will decide the *quantity* of interest of each condemnee, and . . . will also decide the *quality* of such interest, for the reason that the appeal to the jury goes to the issue of value only, and it is not intended by this act, either considered by itself or in connection with the other methods of condemning property . . . , to leave any other subject matter for jury determination." *Johnson v. Fulton County*, 103 Ga. App. 873, 884 (121 SE2d 54) (1961) (on motion for rehearing). "[W]hile all issues may be raised in an appeal from the [special master's] award, the question of value

is the sole issue to be submitted to the jury, and its fact-finding powers are limited to those facts directly touching on value. The question of *what* is to be taken, when in doubt, is a mixed question of law and fact, and unlike the typical civil action, the trial court has the power and duty to make the findings of fact necessary to determine the question of law in order 'to speed the cause'; i.e., to get the issue of value before the jury as soon as possible." *DeKalb County v. Jackson-Atlantic Co.*, 123 Ga. App. 695, 698 (182 SE2d 160) (1971). The superior court therefore erred in refusing to consider these questions, which were properly raised by Georgia Power in its motion for summary judgment. *MARTA v. Gould Investors Trust*, 169 Ga. App. 303 (1) (312 SE2d 329) (1983).

It is unnecessary to return this case to the trial court, however, for a valid exercise of the judge's discretion as was done in *Gould*, supra, since it appears from the record that Mrs. Walker "acquiesced in the proceedings leading to the award of compensation and waived the issues raised" by Georgia Power's motion for summary judgment, thereby leaving the amount of compensation as the sole question for consideration from the appeal of the award. *Adams v. Housing Auth. of Atlanta*, 117 Ga. App. 646 (161 SE2d 444) (1968). "The value of the land [or an interest therein] to the owner is the intrinsic value of the land itself. It will demand a certain price in the market place because it is suitable for certain uses by an owner or for . . . some other use. This is an important consideration in determining its market value. But the point is that when the owner of such land is compensated for the value of the land [or interest] taken, at whatever that value may be, he is made whole. Likewise, when there is a remainder and the owner is compensated for its change in market value, if any, as a result of the taking, he is made whole. . . . There was no showing here . . . that the value to [Mrs. Walker] of the land taken was other than its own intrinsic value for certain purposes." *State Hwy. Dept. v. Hood*, 118 Ga. App. 720, 721 (2) (165 SE2d 601) (1968). Under the facts and circumstances before us in the record, it can only be considered that the disinterment was done with Mrs. Walker's permission and with lawful authority, thereby placing her in the same, if not an improved, position and pretermitting any recovery of consequential damages. Cf. *Blanchard v. Westview Cemetery*, 124 Ga. App. 195, 199 (183 SE2d 399) (1971) (dissenting opinions of Pannell and Evans, JJ., as adopted by the Supreme Court in 228 Ga. 461 (186 SE2d 92) (1971)).

In view of the fact that Mrs. Walker abandoned her easement in the property by virtue of her acquiescence to the statutory relocation of the cemetery, and has failed to allege or show any diminution in the value of her interest therein, she retains no rights for which she can claim compensation. Therefore the trial court erred in not grant-

ing Georgia Power's motion for summary judgment. Compare *Budd Land Co. v. City of Valdosta*, 165 Ga. App. 534 (301 SE2d 699) (1983).

2. Because of the disposition we have made in the cross-appeal, the issue raised in the main appeal as to the grant of Georgia Power's motion to dismiss is moot and need not be considered.

*Judgment affirmed in part and reversed in part in the main appeal, Case No. 71497; reversed in the cross-appeal, Case No. 71498. Pope and Beasley, JJ., concur.*

DECIDED JANUARY 6, 1986.

*Roy E. Barnes, Jerry A. Landers, Jr.,* for appellant.
*Wallace Miller, Jr., W. Franklin Freeman, Jr.,* for appellee.